**Juan GOMEZ et al., Plaintiffs,**

v.

**BUCKEYE SUGARS et al., Defendants.**

**Civ. No. 73–41.**

United States District Court,
N. D. Ohio, W. D.
March 20, 1973.

Joseph Tafelski, Ohio Migrant Legal Action Program, Toledo, Ohio, for plaintiffs.

Donald F. Melhorn, Jr., Toledo, Ohio, Recker, Cunningham & Cunningham, Ottawa, Ohio, for defendants.

## MEMORANDUM

DON J. YOUNG, District Judge:

This is an action commenced by several migrant farmworkers against several defendants whom plaintiffs claim are their joint employers and who are alleged not to have been complying with various federal statutory provisions, viz., Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; Sugar Act of 1948, 7 U.S.C. § 1100 et seq. The suit was filed by Juan Gomez and Ricardo Lopez as a class action. Affidavits presented to the Court *in camera* showed that these two names were fictitious and have been employed by the real plaintiffs in order to safeguard against any possible reprisals by their employers that might result from the filing of this lawsuit. At the outset the Court tentatively allowed these plaintiffs to proceed *in forma pauperis* under these pseudonyms. The Court then required the

parties to submit memoranda of law on the question of whether a protective order keeping the real names of these plaintiffs secret should be granted. That issue is now before the Court.

On several occasions courts have permitted parties to bring suit under fictitious names. See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971); Doe v. Department of Transportation, 412 F.2d 674 (8th Cir. 1969); Doe v. General Hospital of District of Columbia, 140 U.S.App.D.C. 149, 434 F.2d 423 (1970). This manner of proceeding is most often utilized when there is the strong likelihood that the party would be held up to public ridicule or scorn.

In other cases, suits have been brought by the Secretary of Labor on behalf of unnamed persons for violations of the Fair Labor Standards Act of 1938, *supra*. In these cases the Secretary, relying upon his governmental privilege need not divulge the names of the real plaintiffs and thereby protects them from possible reprisal actions.

What plaintiffs in this case are attempting to do is to combine both of these theories so that plaintiffs may sue on their own behalf while protected by the same safeguards that would obtain had the Secretary of Labor brought the action. It should be noted, in addition, that it is proposed at this time to allow this manner of proceeding only until the Court determines whether the defendants Buckeye Sugars, Inc. and Ottawa Employment Committee are joint employers of the plaintiffs. This is important because, at this point, it appears that all of the information that would determine this question is in the possession of the defendants. While defendants have strongly objected to this method of proceeding because it effectively eliminates any discovery they might want, it does not appear what sort of discovery could be had from these plaintiffs.

A further point which is raised by the defendants is that plaintiffs are already protected by 29 U.S.C. § 215(a)(3) which makes it unlawful for any person:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [Fair Labor Standards Act of 1938], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

Defendants contend that this provision alone provides adequate protection to the plaintiffs.

In some circumstances this statutory method of eliminating reprisals may be the only one available and in some it may be preferable. Because, however, it requires the initiation of a collateral proceeding by the aggrieved party or by the Administrator of the Labor Department's Wage and Hour Division, 29 U.S.C. §§ 211(a), 217, it is one which would obviously be extremely difficult for the Court to properly police. The method proposed by the plaintiffs affords them a higher degree of security than does the statutory provision without being subject to the vagaries that promises. Consequently, plaintiffs' motion for a protective order will be granted.

Should it appear at any time that defendants are prejudiced by this order in obtaining any necessary discovery, the Court will re-examine its ruling, if and when the defendants make their specific needs known to the Court.

An order will be entered in accordance with this memorandum.