Joanne K. LANTZ and William Stevens, for themselves and on behalf of all similarly situated employees of defendants, Plaintiffs,

v.

B-1202 CORPORATION d/b/a Bonanza Restaurant, a Michigan Profit Corporation, et al., Defendants.

Civ. A. No. 6-72342.

United States District Court, E. D. Michigan, S. D.

March 30, 1977.

Thomas H. Oehmke, Detroit, Mich., for plaintiffs.

Jay A. Bielfield, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiffs seek recovery of overtime compensation allegedly due to them under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* As restaurant employees, they are covered by 29 U.S.C. § 213(b)(8)(A), effective May 1, 1974, which extended the Act's overtime compensation requirements to them.

Presently before the court is a motion to dismiss all claims for overtime pay for the first six hours of overtime in a given workweek. For the reasons set forth below, the court grants the motion, holding that an employer of restaurant employees is not liable for overtime compensation until the 47th hour of work in any given workweek.

Section 213(b)(8)(A) provides, in pertinent part, that overtime compensation need not be paid to:

"any employee . . . who is employed by an establishment which is a . . . restaurant and who receives compensation for employment in excess of forty-six hours in any workweek at a rate not less than one and one-half times the regular rate at which he is employed. . . ." 29 U.S.C. § 213(b)(8)(A).

This provision creates a partial exemption from the overtime compensation requirement for the first six hours of overtime work. Plaintiffs' position is that the statute sets forth two requirements: (1) that the employee must be a restaurant employee; and (2) that he or she must be paid time-and-a-half compensation for employment in excess of 46 hours in any workweek. Defendants argue that this provision does not make payment at the time-and-a-half rate for more than 46 hours of work a condition precedent to the applicability of the partial exemption.

In support of its position, defendants cite *Usery v. Valhalla Inn,* 79 LC ¶ 33,446 (N.D. Cal.1976); *Dunlop v. Saga Enterprises,* 22 WH Cases 650 (C.D.Cal.1975). In both of these cases, the court declined to hold the employer liable for back pay at the overtime rate for hours worked in excess of 40 in a workweek, although the employer in each case had failed to pay overtime compensation to their restaurant employees for hours worked in excess of 48.[1]

These cases support the defendants' position here, although neither stands for the broad proposition asserted in this case. In *Saga,* the court based its holding on the fact that the employer actually paid overtime compensation to its employees for hours worked in excess of forty-eight immediately upon learning of its statutory duty to do so, and "within a reasonable time after the workweek in which such overtime was earned." 22 WH Cases at 653.

The court in *Valhalla Inn* stated:

"The receipt by restaurant employees of overtime after 48 hours at the next regular pay day for the workweek involved is not a condition precedent to the application of the Sections 13(b)(8)(A) and 13(b)(18) exemptions if otherwise applicable."

This statement, however, was dictum. Valhalla Inn had assured the Department of Labor that it would comply with the overtime provision in the future and that it had adopted a 40-hour workweek; in exchange for these assurances, the Secretary had agreed not to insist upon a back-pay injunc-

---

1. As originally enacted, the partial exemption was extended to the first eight hours in excess of forty. One year later, the partial exemption was cut to six hours.

tion against the employer's overtime violations.

A literal reading of section 13(b)(8)(A) supports the plaintiffs' construction of it, as the language may be read to require actual payment at the overtime rate for work in excess of 46 hours. A construction of the provision as setting forth conjunctive requirements is reflected, as well, in department regulations applicable to similar partial exemptions. See 29 C.F.R. §§ 778.-602(e)(2), (5), .603.[2]

There is no indication, however, that Congress intended such a literal interpretation of this provision. The legislative history shows only that Congress construed the partial exemption as nothing more than

---

**2.** 29 C.F.R. § 602(e)(2) provides:

"Under section 7(b)(3) an employee otherwise qualified for the partial exemption in any workweek who does not receive the daily or weekly overtime compensation specified is required to be paid overtime compensation as prescribed in section 7(a)."

29 C.F.R. § 602(e)(5) explains:

"*[T]hese partial exemptions from the overtime requirements of section 7(a) are made conditional upon payment of overtime compensation in accordance with the special overtime provisions prescribed for the exemption* and an employer who fails to make such payment is accordingly not relieved of his overtime obligation under section 7(a). See *Wirtz v. Osceola Farms Co.,* 372 F.2d 584 (C.A. 5); *Holtville Alfalfa Mills v. Wyatt,* [9 Cir.,] 230 F.2d 298." (Emphasis added.)

29 C.F.R. § 603 provides:

". . . These provisions permit employment of such an employee for as many as 48 hours in any workweek without payment of extra compensation for overtime, *if the employee is paid at least one and one-half times his regular rate for all hours worked in excess of that number.* . . . An employee otherwise qualified for the partial overtime exemption under one of these provisions who does not receive the specified overtime compensation for hours worked in excess of 48 in any workweek is required to be paid overtime compensation as prescribed in section 7(a) for hours worked in excess of the maximum workweek applicable under that subsection." (Emphasis added.)

**3.** House Report No. 93–913 contains the following references to the partial exemption applicable to restaurant employees:

"Sec. 13. *Hotel, Motel, and Restaurant Employees and Tipped Employees.*—Reduces the overtime exemption for employees (other than maids and custodial employees in hotels

---

that: an extension of the overtime threshold to 48 hours—later, 46 hours—for restaurant employees. See U.S.Code Cong. & Admin.News, pp. 2811, 2813, 2822, 2833, 2849 (93d Cong., 2d Sess. 1974).[3]

■ The Secretary of Labor's present policy is to refrain from seeking back pay at the overtime rate for the first six hours of overtime work by restaurant employees who have not been paid at the overtime rate for hours worked in excess of 46 in a given workweek. Instead, the Secretary is enforcing section 13(b)(8)(A) as an unconditional partial exemption from overtime liability for the first six hours of overtime work.[4] The Secretary's position, in this re-

---

and motels) employed in hotels, motels, and restaurants. During the first year after the effective date of the 1974 amendments, overtime compensation must be paid to such employees for hours worked in excess of 48 hours per week, and thereafter, for hours worked in excess of 46 per week." U.S.Code Cong. & Admin.News, p. 2822 (93d Cong., 2d Sess. 1974).

\* \* \* \* \* \*

"*Note.*—With respect to certain hotel, motel, and restaurant employees, and employees engaged in cotton ginning and sugar processing activities, the bill does not require the payment of overtime compensation for hours worked in excess of 40 during a workweek, but rather, for greater numbers of hours worked during a workweek." *Id.* 2833.

\* \* \* \* \* \*

"The bill eliminates the complete overtime exemption for employees employed by hotels, motels, and restaurants and substitutes a limited overtime exemption . . . ." *Id.* 2849.

**4.** Before deciding this motion, the court requested a brief amicus curiae from the Secretary of Labor. In response, the Solicitor informed the court by letter that:

"[T]he Department of Labor decided to direct its enforcement personnel to assess back wages only for the hours worked in excess of the special overtime standard(s) applicable in the case of some partial exemption, including section 13(b)(8) with reference to restaurants."

The Secretary's April 5, 1976 Field Operations Handbook contains the following directive:

"32a01 *Application of partial OT exemptions.* Notwithstanding IB 778.603, where OT has not been paid for hours worked in excess of the statutory w/w standard, BW are owed to the [restaurant] employee only

spect, is that the Act provides adequate sanctions for willful or knowing violators, see 29 U.S.C. §§ 255(a), 260,[5] and that it would serve no purpose to subject restaurant employers to a penalty for violations which are not willful, knowing, or lacking in good faith.

Having considered the precedents, the legislative history, and department policy, the court concludes that Congress did not intend restaurant employers to be penalized by a literal and unbending application of the partial exemption. Rather, it appears that Congress, in extending the benefit of an overtime pay requirement to restaurant workers for the first time, established the partial exemption for the purpose of easing the burden of the new requirement on restaurant employers. It would not serve any statutory purpose to subject employers in technical violation of the relatively new requirement to a penalty, absent some evidence of willfulness, bad faith, or knowledge.

In construing provisions of the Fair Labor Standards Act, courts are directed to "look to the legislative purpose . . . and [to] follow that purpose even though a literal reading of the language used would suggest a different conclusion." *Wirtz v. Allen Green & Associates, Inc.,* 379 F.2d 198, 200 (6th Cir. 1967). "[P]ractical consideration, and not technical conceptions, guide us in determining coverage of the Act. . . ." *Brennan v. Wilson Building, Inc.,* 478 F.2d 1090, 1094 (5th Cir. 1973). These principles of construction were recently reiterated by the Sixth Circuit in *Dunlop v. Carriage Carpet Company,* 548 F.2d 139, 144 (1977).

■ Accordingly, the court holds that section 13(b)(8)(A) does not make payment at the overtime rate for hours worked in excess of 46 a condition precedent to the operation of the partial exemption. The motion to dismiss is granted.

For the reasons stated in court at the hearing on this matter, the motion for certification of a class is denied. Under Rule XXIV, of the local court rules, this court will accept any cases filed by other similarly situated restaurant employees of Bonanza Restaurant and will consolidate all such cases for determination of the common issue or issues. Plaintiffs' motion for an order of this court requiring notice to employees is granted. The defendant employer is directed to post on a bulletin board an appropriate notice to its employees of this pending action and/or to include such notice in any mailing to its employees that is made in the ordinary course of business. Such notice shall include a blank consent form which the employee may sign and return to counsel for plaintiff to indicate his or her willingness to bring suit in this matter.

So ordered.

---

for the hours worked in excess of the statutory standard [46]. . . ."

**5.** If violation of the Act is proved, the burden is then on defendants to show "that the act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended. . . ." 29 U.S.C. § 260. See *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir. 1971).