**Roberta BRAUNSTEIN,**
**Plaintiff-Appellee,**

v.

**EASTERN PHOTOGRAPHIC LABORA-TORIES, INC. and Heart of America Portraits, Inc., Defendants-Appellants.**

**No. 411, Docket 78–7464.**

United States Court of Appeals, Second Circuit.

Argued Nov. 17, 1978.

Decided Nov. 17, 1978.

Petition for Rehearing Denied Jan. 24, 1979.

Petition for Certiorari Denied May 14, 1979.

Shaun S. Sullivan, New Haven, Conn. (William J. Doyle, Marshall B. Babson, and Wiggin & Dana, New Haven, Conn., of counsel), for defendants-appellants.

A. Reynolds Gordon, Bridgeport, Conn., for plaintiff-appellee.

Before WATERMAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

We affirmed by our order entered November 17, 1978 the order of the district court from which an appeal was taken and which appeal was expedited by a prior order of our Court entered September 21, 1978. In light of the petition for rehearing by defendants-appellants addressed to the panel that heard this appeal on the merits and in accordance with our practice in appropriate cases of publishing previously unpublished decisions or orders of this Court, *Continental Stock Transfer & Trust Co. v. SEC*, 566 F.2d 373 (2 Cir. 1977) (per curiam), we now publish the following opinion in the instant case which in substance is our order entered November 17, 1978.

The essential issue raised on this appeal is whether a district court has the power to order that notice be given to other potential members of the plaintiff class under the "opt-in" provision of the Fair Labor Stan-

---

**336**

dards Act dealing with actions for nonpayment of statutorily required minimum wages and overtime compensation. 29 U.S.C. § 216(b) (1976).

We believe that Judge Daly took the proper course in authorizing notice to other potential plaintiffs in this action under the Fair Labor Standards Act. Although one might read the Act, by deliberate omission, as not providing for notice, we hold that it makes more sense, in light of the "opt-in" provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case. *Cantu v. Owatonna Canning Co.*, Docket No. 3–76–Civ. 374 (D.Minn. April 12, 1978); *Lantz v. B–1202 Corp.*, 429 F.Supp. 421 (E.D.Mich.1977); *Gomez v. Buckeye Sugars, Inc.*, Docket No. C73–41 (N.D.Ohio 1973). *Contra, Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9 Cir. 1977). Although we agree with Judge Choy's view in *Kinney* that due process does not require notice, we do not agree with his conclusion that there is no power in the district court to order it in a proper case.

In our view, this holding comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits. In short, we believe that the recent trend in the law, *see, e.g., Bates & O'Steen v. State Bar of Arizona*, 433 U.S. 350 (1976), strips Judge Wyzanski's rationale of a decade and a half ago in *Cherner v. Transitron Electronics Corp.*, 201 F.Supp. 934 (D.Mass. 1962), of much of its force—a rationale which in any event is not controlling on this Court.

Aside from publishing our opinion above, the petition for rehearing is in all respects denied.