Gerry W. MONROE, et al., Plaintiffs,

v.

UNITED AIR LINES, INC., et al., Defendants.

Lee F. HIGMAN, et al., Plaintiffs,

v.

UNITED AIR LINES, INC., et al., Defendants.

Nos. 79 C 360, 79 C 1572.

United States District Court, N. D. Illinois, E. D.

June 30, 1981.

Raymond C. Fay, Alan W. Serwer, Haley, Dader & Potts, Chicago, Ill., for plaintiffs.

John Stack, Winston & Strawn, Chicago, Ill., Herbert Prashker, Barbara A. Lee, Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for United Air Lines, Inc.

Michael E. Abram, Jay P. Levy-Warren, Franklin K. Moss, Cohen, Weiss & Simon, New York City, for Air Line Pilots Ass'n.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff airline pilots (in *Higman*) and flight engineers (in *Monroe*) have brought these consolidated actions challenging the mandatory retirement age of 60 established by United Air Lines, Inc. ("United"). Plaintiffs now seek (1) leave to send notice to the members of the class they represent, informing them of these actions and their right to "opt in," and (2) an order requiring United to provide the names, addresses and dates of birth of all persons to whom notice should be sent. For the reasons stated in this memorandum opinion and order that motion is granted.

These actions are brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. ADEA § 7(b) (29 U.S.C. § 626(b)) incorporates the procedural remedies of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201ff. FLSA § 16(b) (29 U.S.C. § 216(b)), one of the remedial provisions incorporated into ADEA, provides:

> Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Plaintiffs' motion initially poses a question of power: whether federal courts are *permitted* to send notice to class members informing them of their right to "opt in" to the action. Two Courts of Appeal have addressed that issue in FLSA cases and reached opposite results. Compare *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir. 1977) (notice not permitted)[1] with *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir. 1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979) (notice permitted)[2]. To date our own Court of Appeals has not been called to decide the question.

■ *Kinney* and *Braunstein* agree that such notice is certainly not required by due process, because unnamed class members are not bound by any decision of the court. If notice *is* permitted the Court's power must therefore be discretionary, to be exercised in appropriate circumstances. Thus

the question of power becomes one of statutory interpretation: whether Congress, by its silence on the subject (in contrast to Fed.R.Civ.P. ("Rule") 23), intended to prevent the sending of notice in class actions under FLSA § 16(b) and hence ADEA.[3]

In *Kinney Shoe* the Court barred notice under FLSA § 16(b), reasoning that if notice is not required by due process, neither court nor plaintiff should be involved "in the stirring up of litigation and the solicitation of claims." 564 F.2d at 863. That notion was rejected in *Braunstein* (600 F.2d at 336):

> In our view, this holding [allowing notice] comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits.

*Braunstein* added, in refusing to follow a case that had barred notice because of concerns similar to those expressed in *Kinney Shoe*, "We believe that the recent trend in the law, *see, e. g., Bates & O'Steen v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1976) [sic—actually 1977], strips [the earlier opinion] of much of its force...." *Id.*

■ *Braunstein* commends itself to this Court as better reasoned. Congress has provided in FLSA and ADEA for class action remedies, while at the same time expressing (through the opt-in provisions) an intent to limit recovery to those genuinely interested in pursuing their claim. But if

---

1. *Kinney Shoe*, though decided under FLSA, reviewed in detail and specifically approved two District Court ADEA cases that had reached the same conclusion: *McGinley v. Burroughs Corp.*, 407 F.Supp. 903, 911 (E.D.Pa. 1975) and *Roshto v. Chrysler Corp.*, 67 F.R.D. 28, 29–30 (E.D.La.1975).

2. *Braunstein* also marshalled District Court support for its position: *Cantu v. Owatonna Canning Co.*, No. 3–76–Civ. 374 (D.Minn. Apr. 12, 1978), *Lantz v. B–1202 Corp.*, 429 F.Supp. 421 (E.D.Mich.1977) and *Gomez v. Buckeye Sugars, Inc.*, 60 F.R.D. 106 (N.D.Ohio 1973). Another District Court decision, *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 619 (S.D.Tex. 1979) has since come to the same conclusion.

3. This Court does not need an explicit provision *providing* for notice in order to have that power. In *Bijeol v. Benson*, 513 F.2d 965 (7th Cir. 1975), our Court of Appeals held notice permissible in a representative habeas corpus proceeding to which Rule 23 did not apply. It is true that representative actions differ from the opt-in class actions established by FLSA and ADEA. Nonetheless *Bijeol* did hold that notice was possible in a class action situation where it was not required by due process, and the statute under which the plaintiff was proceeding there—like the statute here—did not specifically provide for notice. Accordingly, as stated in the text the issue for this case is whether Congress specifically intended the statute to *prevent* notice.

notice is prohibited potential plaintiffs will be informed of their opt-in opportunities only by chance.

After all the overriding purpose of all class actions (Rule 23, opt-in or otherwise) is to prevent a multiplicity of actions. It would make little sense for Congress to provide for a class action and at the same time cause the suit's existence to be "hidden" from potential class members. Moreover, the concerns expressed in *Kinney Shoe* as to stirring up litigation and soliciting clients have at least been attenuated by the recent First Amendment cases protecting lawyer advertising and communications with class members. *See, Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *Gulf Oil Co. v. Bernard*, —— U.S. ——, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).[4]

But as already indicated, the power to provide notice should be exercised with discretion and in appropriate cases. These consolidated actions are now over two years old, and even in the year they have been on this Court's calendar it has decided a substantial number of discovery controversies. Were those the only relevant factors, this Court might well "opt-out"—that is, deny plaintiffs' motion.

█ But shortly after the commencement of these consolidated actions United's Chairman Richard J. Ferris issued a letter to United's flight officers (see Appendix A) discussing the *Monroe* case. That letter may fairly be read as indicating that plaintiffs' action lacks merit and that United can adequately represent the interests of all non-plaintiff flight officers. Notice to potential class members is therefore important for the added purpose of providing them with a neutral discussion of the nature of, and their rights in, these consolidat-

ed actions. To draw from another discipline, sound policy requires, as in the securities field, that the "total mix" of information afforded to potential class members will provide a fair statement of their rights. *See, TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976).

### *Conclusion*

Plaintiffs' motion for leave to send notice to all United flight deck crew members with sixtieth birthdays between April 6, 1978 and February 29, 1984 is granted. United is ordered to provide plaintiffs with the names, addresses and dates of birth of all such persons on or before July 20, 1981. Plaintiffs shall send out the notices promptly thereafter and notify United and the Court of the date of transmittal. This Court will permit potential class members to opt in only if their respective consent forms are received within 63 days after the date of plaintiffs' transmittal of the notices.

### APPENDIX A

#### February 28, 1979

Dear Flight Officer:

I'd like to share with each of you our plans to defend the Company in a lawsuit brought by three Second Officers challenging application of the age-60 retirement policy to them.

At United all cockpit crew members are pilots because we believe this is essential to achieve the highest degree of safety. For this reason, we must require Second Officers to retire at age 60 under the same rules as Captains and First Officers. This is a Bona Fide Occupational Qualification under the Age Discrimination in Employment Law.

The lawsuit was filed January 31, 1979, in Federal Court here in Illinois by Second

---

4. This opinion should not be misunderstood as implying that direct client solicitation necessarily enjoys First Amendment protection. Compare *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978) with *In re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); see Shadur, *Publicity Advertising and Solicitation* 43, 46–47, 62–65, in *Professional Responsibility: A Guide for Attor-* neys (American Bar Foundation 1978) (written between *Bates* and the *Ohralik-Primus* duo). But notice to class members is hardly synonymous with solicitation. For example, plaintiffs' proposed notice makes plain the right of opt-in class members to select any attorneys they choose. This Court's approved notice (Appendix B) does the same.

Officers Gerry W. Monroe, Kenneth C. Kuecker and John H. Kalde. They contend that the Company discriminates against them by requiring Second Officers to retire at 60 years old.

We'd like to see the issue resolved for all parties—not just these three Second Officers. In order to do this, we intend to:

1. Ask the court to certify our counterclaim as a class action covering all pilots retiring within five years.

2. Request the court to name as additional parties to the case three retired Captains who have filed claims alleging that retiring Captains and First Officers have the right to downbid to Second Officer.

3. Bring the Airline Pilots Association into the case as a defendant because the Association is a necessary party.

I am advising you directly of the action your Company is taking so that you will fully understand our objective which is, in the interests of flight safety, to preserve the concept of the pilot-qualified three-man crew as it now exists in United Airlines.

Sincerely,

/s/ Dick Ferris
Richard J. Ferris
Chairman

### APPENDIX B

### NOTICE

TO: PERSONS EMPLOYED BY UNITED AIR LINES, INC. AS CAPTAINS, FIRST OFFICERS OR SECOND OFFICERS, AND WHOSE SIXTIETH BIRTHDAYS ARE BETWEEN APRIL 6, 1978 AND FEBRUARY 29, 1984.

RE: Age Discrimination in Employment Act (ADEA) action against United Air Lines, Inc.

Both these cases were filed in 1979 by United flight deck crew members who were involuntarily retired shortly after their sixtieth birthdays. Plaintiffs claim that United violated the ADEA, 29 U.S.C. §§ 621 *et seq.*, by refusing to permit them to work in the position of Second Officer after their sixtieth birthdays. They seek principally (1) to retain their employment and seniority at age 60 and beyond and (2) to obtain back pay and other amounts owing.

If you are among the persons to whom this notice is addressed and you wish to have your right to employment and seniority with United beyond your sixtieth birthday litigated in this case, you should file your consent to be made a party plaintiff with the Clerk of the Court. It is entirely your own decision whether or not to do so and, if you do elect to become a party plaintiff, whether you prefer to be represented by the present plaintiffs' attorneys [1] or by an attorney of your choosing. If you file a consent through a separate attorney, your Notice of Consent should be under the caption of the cases as listed above, should contain your name, address, telephone number, date of birth, date of signing and signature, and should state: "I hereby consent to be a party plaintiff in this case."

As already stated, you are not required to join in this case by filing your consent or to take any action unless you want to. It is completely voluntary. However, your determination whether or not to take action should be made promptly. Unless a Notice of Consent is actually filed with the Court on or before _____, 1981, you will not be permitted to join in this case.

If you do not file a consent form and join in this case, you will not receive any back wages or other relief from the case if the plaintiffs prevail here. Any such relief would be obtainable by you only if you proceeded by bringing an independent action within the time provided by law.

If however you decide to join the case by filing your consent, you will be bound by

---

1. They are Raymond C. Fay and Alan M. Serwer

    Haley, Bader & Potts
    77 West Washington Street—Suite 1616
    Chicago, Illinois 60602
    (312) 782-7416
If you wish them to represent you, you should write them directly.

the judgment of the court on all issues in the case, whether it is favorable or unfavorable to you.

This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case. Although the Court has authorized the sending of this notice, there is no assurance at this time that the Court will grant any relief.

ADEA prohibits anyone from discriminating or retaliating against you if you choose to take part in this case.

Gerry W. Monroe and Lee F. Higman

By: _____
One of their attorneys

This notice has been authorized by Honorable Milton I. Shadur, the Judge to whom these cases are assigned.