Leonard R. WOODS, et al.,
Plaintiffs-Appellees,

v.

NEW YORK LIFE INSURANCE COM-
PANY, Defendant-Appellant.

No. 82–1827.

United States Court of Appeals,
Seventh Circuit.

Argued June 14, 1982.
Decided Aug. 16, 1982.

Jeffrey M. Gallagher, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for defendant-appellant.

Clay R. Williams, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiffs-appellees.

Before ESCHBACH, POSNER, and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

We are asked in this case to decide whether in a so-called "spurious" class action under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), incorporated in the Age Discrimination in Employment Act by section 7(b) of that Act, 29 U.S.C. § 626(b), a district judge has the power to notify people who might want to join as plaintiffs that the action has been brought; and if so how he should exercise that power.

Leonard Woods was general manager of New York Life Insurance Company's general office in Green Bay, Wisconsin, one of some 300 such offices throughout the country. He alleges that as he approached age 55, an age at which the company retirement benefits to which he was entitled would have taken a big jump, the company began to harass him, eventually demoted him, and when he complained fired him—all this (he alleges) pursuant to a company-wide policy of getting rid of general managers (and perhaps other employees) before they earned substantial pension rights.

Woods wrote a book designed to expose the company's scheme. Among other efforts to advertise the book, he sent a mailer to a number of former general managers of New York Life inviting them to buy the book and informing them that he had "an age discrimination lawsuit filed against the Company" and that "you may want to join in a class action suit against New York Life" and to "get in touch with me regarding this suit." He did not have an age-discrimination suit pending against New York Life when this announcement was mailed, but shortly afterward he did file such a suit and one other former general manager has joined it.

Woods has asked the district court to mail notice of the suit to prospective members of the plaintiff class, which consists of general managers of New York Life who have been discriminated against on account of their age. The proposed notice, drafted of course by Woods' counsel, and approved with a few changes by the district judge, summarizes the relevant provisions of the Age Discrimination in Employment Act and of the complaint, states that the court has authorized the sending of the notice to potential plaintiffs in the lawsuit, instructs the recipient how to join the suit, warns him of the possible expiration of the statute of limitations, and offers him the option of retaining Woods' counsel, but makes clear that the decision whether to join and, if so, by whom to be represented is the recipient's. The notice is on the letterhead of the district court and is signed by the clerk of the court, and is to be sent to all current and former general managers of New York Life except those whose age-discrimination claims against the company are already time-barred. New York Life contends that the district court had no power to issue such a notice and the district court has certified this as a controlling question of law for immediate appeal to this court under 28 U.S.C. § 1292(b).

■ If this were a class action under Rule 23 of the Federal Rules of Civil Procedure there would be no doubt of the district court's power to notify actual or potential members of the class that the action was pending. See Rule 23(c)(2). Because the judgment in a Rule 23 class action binds all members of the class unless they have expressly opted out of the class action, serious due process questions would be raised if the court did not try to make sure that the members knew about the action and about their right to opt out of it so as not to be bound by the final judgment. But this suit is under section 16(b) of the Fair Labor Standards Act (as incorporated by reference in the Age Discrimination in Employment

Act) rather than under Rule 23, and section 16(b), while it provides that an action for damages may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," adds: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." The difference between a Rule 23 class action and a section 16(b) class action is thus that in the latter the class member must opt in to be bound, while in the former he must opt out not to be bound. New York Life points out that there is no express grant of power to the district court to issue notice in a section 16(b) action and argues that no such power can be inferred, since an absent class member is not in danger of having his claim barred by res judicata if he fails to do something in the class suit, as he would be in a Rule 23 action. The Ninth Circuit accepted this argument in *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 863 (9th Cir. 1977); the Second Circuit rejected it in *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); we are asked to choose between them.

■ But we think the issue of power is a nonissue that has arisen from a failure to consider concretely what it means to say that a court has or has not the "power to notify" class members of the pendency of a section 16(b) suit. If the question meant to be asked is whether the plaintiff in a section 16(b) action may communicate, under terms and conditions prescribed by the court, with other members of the class, we think the answer is yes. But if the question meant to be asked is whether the notice should go out on court letterhead over the signature of a court official, we think the answer is no.

■ Before this suit was filed, Woods had sent invitations to other members of the class to join with him, and New York Life does not challenge his right to do this. After suit was filed, however, we do not think it would have been proper for Woods or his counsel to have sent out such invitations without first communicating to the defendant's counsel his intention to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner. We cannot find any express basis in rule or statute for inferring either the duty of the plaintiff's counsel to notify the defendant's counsel in this manner or the power of the district court to regulate the content and distribution of the notice to potential class members; but we think both the duty and the power may fairly be inferred from section 16(b) itself and from Rule 83 of the Federal Rules of Civil Procedure, which provides that "in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with" the Federal Rules. Once a section 16(b) action is commenced, the defendant has a vital interest in, and the court a managerial responsibility regarding, the joinder of additional parties plaintiff, and these concerns support the modest duty and power that we infer.

■■ But we do not think that the power to regulate the sending of notice, once suit has commenced, includes the power to forbid the sending of notice altogether, though there are contrary intimations in the *Vorhes* opinion. See 546 F.2d at 863. New York Life argues that all section 16(b) creates is a right of permissive joinder, as under Rule 20 of the Federal Rules of Civil Procedure—not a right to awaken sleeping claimants. But a comparison of the language of Rule 20 ("all persons may join in one action as plaintiffs" if the requirements for joinder are satisfied) with that of section 16(b) (an action may be brought by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated") indicates that section 16(b), unlike Rule 20, authorizes a representative action; and this authorization surely must carry with it a right in the representative plaintiff to notify the people he would like to represent that he has brought a suit, and a power in the district court to place appropriate conditions on the exercise of that right. Cf. *Quinault Allottee Ass'n & Individual Allottees v. United States*, 453 F.2d 1272, 1277 (Ct.Cl.1972). It also follows that counsel for the representative plaintiff could seek from the district court an order approving the notice, to protect himself from being accused of stirring up litigation in violation of state law (e.g., Wis.Sup.Ct.Rule 11.01), as well as an order directing the defendant, in an appropriate case, to furnish the plaintiff with the names and addresses of potential class members.

It is true, as New York Life points out, that when Congress added the opt-in provision to section 16(b), in the Portal-to-Portal Act of 1947, Pub.L. 49, ch. 52, § 5(a), 61 Stat. 87, concern was expressed with what had become a "general pattern" in section 16(b) litigation: "A petition is filed under section 16(b) by one or two employees in behalf of many others. To this is attached interrogatories calling upon the employer to furnish specific information regarding each employee during the entire period of employment. The furnishing of this data alone is a tremendous financial burden to the employer." H.R.Rep.No. 71, 80th Cong., 1st Sess. 4 (1947). If we are right that despite the opt-in provision added by the 1947 amendments, section 16(b) creates a genuine representative action (which we think it does, notwithstanding the fact that the provision as it originally appeared in the Portal-to-Portal Act was captioned "Representative Actions Banned"), then as we have suggested there will be cases in which a plaintiff can properly use the discovery process to compel the employer to give him detailed information regarding other employees, potential joiners in the action. And the furnishing of this information could be "a tremendous financial burden to the employer," though of course the district court has broad power (too rarely exercised) under Rule 26(c) of the Federal Rules of Civil Procedure to limit burdensome discovery. But we do not think that the statement in the House Report can be used to infer a congressional purpose to reduce the practical utility of the section 16(b) representative action by forbidding the district court to approve notice of the pendency of the action to potential joiners in it. The statement has to be read in context. It does not appear in a discussion of the amendments to section 16(b) at all, but was instead offered as still another justification for the principal goal of the 1947 amendments to the Fair Labor Standards Act, which was to abate several thousand lawsuits that had been filed under the Act to recover wages for the period of time that workers were in transit to and from their jobs ("portal to portal"). There is no legislative history pertinent to the issue of notice; and we think it sufficiently unlikely that Congress, having created a procedure for representative actions, would have wanted to prevent the class representative from notifying other members of the class that they had a champion, to ask for great-er evidence of such a purpose than the sentence we have quoted from the House Report. Cf. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 103–04, 101 S.Ct. 2193, 2201–02, 68 L.Ed.2d 693 (1981).

■ But we think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer. We can think of no good reason for apparent judicial sponsorship of the notice, at a stage in the litigation when there has been no determination that the plaintiff's allegations have any merit; and we can think of a good reason against it, which is that the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit. At oral argument the plaintiffs' counsel stated that he wanted the imprimatur in order to shield himself from a possible complaint under state law that he was trying to stir up litigation; but if the notice is approved by a federal court under the authority that we hold it has by virtue of section 16(b) of the Fair Labor Standards Act, any effort by the state to punish the lawyer who mails the notice would violate the supremacy clause of the United States Constitution. It is the court's order, not its letterhead or its clerk's signature, that provides the lawyer with immunity from a state's efforts to prevent communications authorized by section 16(b). Indeed the order may be unnecessary; section 16(b) of its own force may preempt state laws that operate to prevent the representative plaintiff or his counsel from communicating with other (actual or potential) class members; such laws could even raise First Amendment problems, cf. *Bates v. State Bar of Ariz.,* 433 U.S. 350, 375–76, 97 S.Ct. 2691, 2704–05, 53 L.Ed.2d 810 (1977). But we need not decide these questions in this case.

We have assumed that the district judge had the power to notify the class members in the manner that he did, and merely exceeded that power because there was no reason to place a judicial imprimatur on a communication from the plaintiff's counsel to actual or potential members of the class. But there is a serious question whether a federal judge has the power to issue invitations to join a lawsuit. That activity changes the character of the judge from that of an adjudicator of disputes brought to him to that of a kind of town crier, ringing the tocsin to awaken those who may be sleeping on their rights; and we should

**582**

require more than the generalities of Rule 83 or of the All-Writs Act, 28 U.S.C. § 1651, to conclude that a federal judge, whose authority is confined by Article III of the Constitution to the exercise of the *judicial* power of the United States, may communicate with nonparties in this way. Cf. *Pan American World Airways, Inc. v. U. S. Dist. Ct., C.D.Cal.*, 523 F.2d 1073, 1077–81 (9th Cir. 1975); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1358–61 (5th Cir. 1978). It is true that Rule 23(c)(2) expressly gives him, in class actions to which Rule 23 applies, authority to communicate with class members not actually named in the suit. But that is because of the due process concerns to which we alluded earlier and which have no counterpart in a section 16(b) class action. Potential class members really are parties to a Rule 23 class action until they opt out, so that the judge who communicates with them is communicating with parties rather than, as Woods would have him do here, inviting (on the stationery of the district court) potential parties to jump on a litigation bandwagon.

We can find nothing in *Braunstein v. Eastern Photographic Laboratories, Inc., supra*, the leading case empowering the district court to authorize the sending of notice to other class members under section 16(b), to support the further proposition that the district court can put out that notice on the district court's stationery and over the judge's or clerk's signature. As we have been at pains to show, the power to authorize the sending of notice does not contain, as a matter of logic or good sense, the further power to issue a judicial invitation to join a lawsuit.

We affirm the district court's power to authorize notice by the plaintiff or his counsel to members of the section 16(b) class. But we vacate its order approving the specific notice in this case and remand for preparation of suitable notice not on judicial letterhead and not signed by a judicial officer.

Vacated and Remanded.

ESCHBACH, Circuit Judge, concurring in part and dissenting in part.

I would affirm the order of the district court. In *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir. 1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979), the Second Circuit held that a district court has the power, in an appropriate case, to authorize or order notice to be sent to potential members of the plaintiff class. The majority today develops the position enunciated in *Braunstein* by adding that a district court also has the power to prescribe the substance of such notice. Majority opinion at 5. In view of the majority's holding, I believe that the format of the notice, including the signature under which the notice is to be sent, is a detail that is best left to the discretion of the district court. *See Johnson v. American Airlines, Inc.*, 531 F.Supp. 957 (N.D.Texas 1982) and *Monroe v. United Air Lines, Inc.*, 90 F.R.D. 638 (N.D.Ill.1981) (notice to potential members of the plaintiff class, signed by plaintiffs or their attorneys, carried the following statement: "This notice has been authorized by the Honorable ........., the Judge to whom the case is assigned."); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D.Texas 1979) (notice to potential members of the plaintiff class signed by the Judge to whom the case was assigned). Therefore, I dissent from the majority's opinion to the extent that it holds that the district court erred in permitting the notice to be sent under its imprimatur.