See also, Fed.Cir., 794 F.2d 1579.

**Lester H. COOK, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 85 CV 1467.**

United States District Court, E.D. New York.

Nov. 25, 1985.

Sheldon Engelhard, Vladeck, Waldman, Elias & Engelhard, P.C., New York City, Ira Lechner, Washington, D.C., for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. by Anne E. Stanley, Asst. U.S. Atty., for defendant.

SHIRA A. SCHEINDLIN, United States Magistrate.

Each of seven named plaintiffs in this action has brought a claim against his employer, the United States of America, for liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (1982). Plaintiffs have served an interrogatory on the federal government requesting the names and addresses of similarly situated employees for the purpose of sending them notice of this action.

## I. STATEMENT OF FACTS

Plaintiffs, who are federal employees working at the Coast Guard Fire station on Governors Island, New York were among approximately 44,000 federal fire fighters and law enforcement personnel awarded overtime back pay as a result of the decision in *Jones v. Donovan*, 25 WH Cases 380 (D.D.C.1981), *aff'd* 675 F.2d 1340 (D.C. Cir.1982).

In 1974, Congress amended the FLSA to include federal employees and required the Department of Labor to conduct studies of fire protection and law enforcement personnel to determine a new overtime standard to be applied as of January 1, 1978. However, due to a misreading of *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the study was based solely on data collected from federal employees, rather than including state and local law enforcement agents and firefighters. Thereafter the study was challenged in *Jones* and the court ordered the Department to recompute the overtime standards including all valid data. The court then ordered that the new standards be applied retroactively to all affected federal employees.

As a result, the Office of Personnel Management directed that "each affected agency shall compute the additional overtime pay due *all employees* as a result of the reduced overtime standards." See Plaintiffs' Exhibit E. Consequently, in December 1983 or January 1984, *all* affected federal firefighters and law enforcement personnel were paid overtime back pay accruing as of January 1, 1978.

Once the back pay was distributed, a number of federal employees, including the original *Jones* plaintiffs, moved for an award of liquidated damages arising from the six year delay in awarding back pay. *Jones v. Donovan*, 26 WH Cases 1602 (D.D.C.1984), *Lanehart v. Marshall*, 26 WH Cases 1654 (D.Md.1984). Both district courts agreed that plaintiffs were entitled to liquidated damages but limited their decision to the named plaintiffs in the two actions.

Subsequently, plaintiffs instituted an action in this District for liquidated damages on behalf of themselves and other federal employees not included in *Jones* and *Lanehart*. Plaintiffs then served an interrogatory upon defendant requesting the names and addresses of other federal employees residing in this District who had received overtime back pay and were eligible for liquidated damages. Defendant has objected to plaintiff's request on the grounds that the court lacks power to compel production of this information and that the production of such information would be unduly burdensome. Plaintiffs have moved to compel an answer to the interrogatory seeking the names and addresses.

## II. DISCUSSION

### A. The Power of the Court

■ There is a split in the circuits as to whether the district court has the power to authorize notice to prospective plaintiffs. The Eighth, Ninth and Tenth Circuit courts hold that the district court has no power to authorize notice, because due process does not require it and because no express grant of power to authorize notice is contained in

the FLSA, 29 U.S.C. § 216(b). *McKenna v. Champion International Corp.*, 747 F.2d 1211 (8th Cir.1984), *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir.1977), *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1266, 1268 (10th Cir.1984). By contrast, the Seventh Circuit holds that the court does have the power to authorize notice and may order the production of the names and addresses of potential class members in an appropriate case. *Woods v. New York Life Insurance Co.*, 686 F.2d 578 (7th Cir.1982). Finally, the Second Circuit holds that the court is empowered with discretionary authority to permit notice because such notice is required to implement the broad remedial purpose of the FLSA. *Braunstein v. Eastern Photographic Laboratories*, 600 F.2d 335, 336 (2d Cir.1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979). After considering the arguments of the parties, this court is persuaded that the district court has the power to authorize notice under § 216(b).[1]

Section 216(b) provides for a private, representative right of action against any employer to recover unpaid overtime compensation and liquidated damages "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." FLSA § 216(b). In addition, "[no] employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." Consequently, no one can become a member of a § 216(b) class action or benefit by or be bound by a judgment unless they "opt-in" to the class by an affirmative act. *Lusardi v. Xerox Corp.*, 99 F.R.D. 89, 92 (D.N.J. 1983).

Beyond this simple requirement, § 216(b) does not specify any procedural mechanism for reaching potential plaintiffs. An express notice requirement, similar to the mandatory notice requirement of a class action pursuant to Rule 23 of Federal Rules of Civil Procedure, is missing from

the statute. *Dolan*, 725 F.2d at 1266. However, such an omission does not mean that the district court is powerless to authorize notice. *Braunstein*, 600 F.2d at 336. It simply means that notice is not mandatory and in light of the remedial purpose of the FLSA, "it makes more sense to read the statute as permitting, rather than prohibiting, notice in an appropriate case." *Id.* Thus the omission is not dispositive and the court is left, in its discretion, "to regulate [its] practice in any manner not inconsistent" with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 83, *Woods*, 686 F.2d at 580.

The power to authorize notice can also be inferred from the very nature of a representative action. *Id.* Certainly, it is "unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion." *Id.* at 581. Without such notice, prospective plaintiffs would be unaware of the action and their right to participate as class members. *Lusardi*, 99 F.R.D. at 93. They would be left to depend on rumor and chance to hear of the pending suit. *Id.*

Of particular concern to this court is the likelihood that without notice federal employees who may be entitled to liquidated damages will eventually be barred by the FLSA's two year statute of limitations. *See* 29 U.S.C. § 255(a) (1980). This action commenced with the filing of the complaint on April 19, 1985 and will proceed without additional class members unless they are specifically named as party plaintiffs and their written consent is filed. *Soler v. G. & U., Inc.*, 86 F.R.D. 524, 528–29 (S.D.N.Y. 1980). Consequently, if prospective class members are not notified and given the opportunity to join this action, their claims will be time-barred. *Id.* at 529.

The Ninth and Tenth Circuits hold that due process concerns do not require notice and that court approved notice merely results in stirring up litigation. Neither of

---

1. The parties agree that any appeal in this case will be taken to the Court of Appeals for the Federal Circuit rather than the Second Circuit. *See* Transcript, October 29, 1985, at 45.

these arguments is persuasive. *Compare, Kinney Shoe Corp. v. Vorhes,* 564 F.2d at 863, *Dolan,* 725 F.2d at 1268 and *Braunstein,* 600 F.2d at 336. The Second Circuit concedes that due process does not require notice because discretionary notice rather than mandatory notice is at issue. *Braunstein,* 600 F.2d at 336. However, "as pointed out in *Braunstein,* avoidance of multiple lawsuits is markedly different than the unabashed solicitation of lawsuits for private pecuniary gain." *Lusardi,* 99 F.R.D. at 89.

Therefore, it is my view that in the exercise of its discretion the court has the power to allow notice in order that class members should not suffer a wrong silently wherever reasonable means exist to include them in the legal process.

■ This is particularly true in a suit involving *only* liquidated damages. Significantly, none of the cases in opposition to the court's power to authorize notice deal exclusively with liquidated damages. *See McKenna,* 747 F.2d 1211, *Kinney Shoe,* 564 F.2d 859, *Dolan,* 725 F.2d 1263. Those cases involve the initiation of actions for wages owed against an employer rather than the continuation of a prior action. The action for liquidated damages, on the other hand, necessarily arises out of a prior action. Indeed, the government in that action voluntarily paid back pay to *all* firefighters and law enforcement personnel without requiring them to opt-in to a class. Thus the argument that notice to prospective plaintiffs stirs up litigation is simply not applicable here. To now require that all those who have already received back pay be notified of their further right to sue for liquidated damages seems perfectly appropriate.

### B. Burden

Plaintiffs are seeking names and addresses of employees of fourteen federal agencies. Because the government assert-

ed that production of the material would be burdensome, an evidentiary hearing was held on October 29 and November 7, 1985, at which the government attempted to demonstrate the amount of time and effort required to comply with plaintiffs' request.

The agencies involved can be divided into three groups. The first group, which includes the Department of Commerce, the Veterans Administration, the Department of the Navy, the Department of the Air Force, the Federal Emergency Management Agency, the Department of Energy and the Department of Health and Human Services, have no potential class members in or near this District. Therefore, no records are required from these agencies. The second group consists of the Department of Justice, Coast Guard, Department of the Interior, the Department of Agriculture and the Department of the Treasury. As to the first four of these agencies the government concedes that production of the requested records would not be burdensome. As to the fifth agency, the Treasury, plaintiffs have conceded that the requested production would indeed be burdensome. Thus, production of the Treasury records is not required.[2] The third group consists of the Department of the Army and the General Services Administration ("GSA"). The parties disagree as to whether the burden of production outweighs the plaintiffs' need for the requested material for these two agencies.

### 1. *The GSA*

■ Mr. Francis Seuferling, Chief of the Finance System Staff of the GSA testified that he was in charge of maintaining GSA's nationwide payroll. R.47.[3] Mr. Seuferling testified that back pay had been awarded to 1,772 GSA employees of whom 467 received liquidated damages. R.48. He further testified that "last known home addresses" were available for the remaining 1305 employees who received back pay.

---

**2.** The Department of the Treasury includes the Internal Revenue Service, the Bureau of Alcohol, Tobacco and Firearms, the Customs Service and the Secret Service.

**3.** "R" refers to the transcript of the evidentiary hearing held October 29, 1985.

R.49. If plaintiff submitted a list of all zip codes within the Eastern District of New York, Seuferling testified that a manual search of these addresses could be made in order to produce a list of present or former employees residing within the Eastern District. According to the witness, this manual check would take approximately two work weeks for two persons at an estimated cost of $2000. N.R.50.

The names and addresses should be produced. I cannot understand why the search would take 160 hours to complete. Common sense and experience tells me that a comparison of a names and address list to a zip code list cannot take half that amount of time.

In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the information. Here the balance favors plaintiffs. Unless notice is given to employees of GSA they will be unable to sue for liquidated damages. There is no other convenient way for plaintiffs to learn these names and addresses. The cost to the government of producing this information is not excessive. Had the agency maintained a list of those who received back pay, a sublist of those residing in this district could have been easily retrieved. Because the records are disorganized, resulting in extra effort, does not mean that those receiving back pay should be denied liquidated damages if the court finds that they are entitled to such damages.[4]

If the government were truly concerned about needless expense they might have agreed to this court's less expensive suggestion. I requested that the government consent to a stay of the statute of limitations until this court ruled on the merits of the demand for liquidated damages. If the court awarded the damages, then the government could provide the names and addresses of those entitled to such damages.

When the government voluntarily agreed to make back pay throughout the country, after the court decisions in Washington D.C. and Maryland, the agencies employing firefighters and law enforcement personnel found the employees entitled to payments. Having created those lists it cannot be considered unduly burdensome to require the GSA to spend an additional week identifying those recipients of back pay who reside in this District.

GSA is therefore required to produce the last known residence address as of September, 1984 of each firefighter and law enforcement officer residing in this District who received back pay.

2. *The Army*

■ Mr. Robert Cash, Chief of the Civilian Pay Branch of the Army testified that the Army maintains 160 payroll offices worldwide. R.65. He further testified that each center would have to search for pay records of individuals employed during the period 1979–1984 who were firefighters or law enforcement personnel. R.68. If an employee no longer worked for the Army his records might now be located in the National Record Center. R.68. However, Mr. Cash further testified that an individual pay officer at a particular installation may have maintained a central file of those employees who received back pay. R.69.

The government has demonstrated that it would be unduly burdensome for this court to require a search of all 160 worldwide payroll offices. The government has failed to demonstrate, on the other hand, that it would be burdensome to require those installations within 100 miles of New York to search their records to determine whether they have maintained lists of those firefighters and law enforcement personnel who received back pay.[5] Once that deter-

---

4. As noted above, the only two district courts to have passed on the question have awarded liquidated damages. See *Jones v. Donovan* and *Lanehart v. Marshall, supra* p. 3.

5. The testimony revealed that the witness simply did not know what the burden would be in producing the requested documents.

mination is made the installations would be required to produce the last known addresses of those persons residing in the District who received back pay unless they can show that such production would be unduly burdensome.

## III. CONCLUSION

For the reasons set forth the government is not required to produce any information from the Department of Commerce, the Veterans Administration, the Navy, the Air Force, The Federal Emergency Management Agency, the Department of Energy, the Department of Health and Human Services and the Treasury. The government is directed to produce a response from the Department of Justice, the Coast Guard, the Departments of the Interior and Agriculture, and the GSA. Finally, a response is required from local Army installations unless such installations can establish undue burden. The documents are to be produced by these agencies within thirty (30) days of the date of this order.

SO ORDERED.

Q: So you don't know how hard that would be in any given installation, to now tell us who received back pay?
A: I do not know what type of records each of those installations has kept, whether it has

been kept by individuals, or whether it has been kept as a collective group. Therefore, I cannot say how long it would take for them to determine who they paid.
R. 79.