**Carlos REYES, Jr., on behalf of himself and all others similarly situated, Plaintiff,**

v.

**QUALITY LOGGING, INC., Defendant.**

**Civil Action No. 5:14–CV–21.**

United States District Court, S.D. Texas, Laredo Division.

Signed Oct. 10, 2014.

Michael Kevin Burke, McAllen, TX, for Plaintiff.

John A. Kazen, for Defendant.

### MEMORANDUM & ORDER

DIANA SALDAÑA, District Judge.

The instant matter involves a putative collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") to recover overtime compensation allegedly owed to Plaintiff Carlos Reyes, Jr.—individually and on behalf of all other similarly situated employees—by Defendant Quality Logging, Inc. ("Quality Logging"). Recently, the Court conditionally certified this case as a collective action, ordered Quality Logging to provide Plaintiff with a list of all Mud Loggers it employed from August 15, 2011 to the present, and further ordered the parties to file any objections to the other parties' proposed notice of the action to putative class members. (Dkt. 16.) Pending now are the following: (1) Plaintiff's motion for notice to potential opt-in plaintiffs (Dkt. 10, Ex. 3); (2) Quality Logging's objections to Plaintiff's proposed notice and motion for entry of its own proposed notice (Dkt. 17); and (3) Plaintiff's objections to Quality Logging's proposed notice (Dkt. 18).

Quality Logging asserts the following objections to Plaintiff's proposed notice: (1) the notice fails to give potential opt-in plaintiffs relevant information concerning a prior Department of Labor (DOL) investigation and settlement; (2) the notice does not inform potential opt-in plaintiffs that they have the right to file their own lawsuit, seek their own attorney, or to altogether not join the action; (3) the notice is an improper solicitation that gives the appearance of the Court's endorsement of the Plaintiff's claims; and (4) the notice does not notify potential opt-in plaintiffs that they may be liable for court costs. (Dkt. 18 at 3–6.) The Court will address each of these objections in turn.

### Discussion

#### I. Legal standards

A court has discretion regarding the form and content of a notice to ensure

that potential plaintiffs receive accurate and timely information about the pending collective action. *Hoffmann–La Roche v. Sperling,* 493 U.S. 165, 169–70, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Generally, a plaintiff should be allowed to use his preferred language in drafting the notice absent reasonable objections. *Vargas v. Richardson Trident Co.,* 2010 WL 730155, at *11 (S.D.Tex. Feb. 22, 2010) (citations omitted). However, a court also has a duty to ensure that the notice does not appear to endorse the merits of the underlying claim. *Hoffmann–La Roche,* 493 U.S. at 174, 110 S.Ct. 482. Indeed, some courts have found that using the court's name on the notice gives the impression that the court supports plaintiff's lawsuit. *See Martinez v. Cargill Meat Solutions,* 265 F.R.D. 490, 499 (D.Neb.2009); *see also Woods v. New York Life Ins. Co.,* 686 F.2d 578, 581 (7th Cir.1982) (holding that it was improper for notice to go out on district court letterhead over the signature of a judicial officer because it could be misconstrued as a judicial endorsement of the suit).

## II. Analysis

### A. DOL Investigation and Settlement

■ Quality Logging argues that the notice should contain relevant information concerning a prior DOL investigation and settlement. (Dkt. 18 at 3.) In this regard, Quality Logging claims that it has fully paid overtime to all Mud Loggers it employed from 2011 to 2012 pursuant to an agreement with the DOL and that such employees have waived their respective claims. (Dkt. 17, Ex. 2 at 2; Ex. 1 at 5.) Quality Logging's objection is overruled.

While the notice may reach current and former Quality Logging employees who participated in the DOL investigation and agreement, it is also evident that the DOL investigation covered only Quality Logging's operations from November 2010 to October 2012. (Dkt. 17, Ex. 1 at 5.) As such, there may be employees who benefitted from the DOL settlement who nonetheless may have live FLSA claims that arose after October 2012. Further, the case Quality Logging relies on to sustain this request, *Moran v. Ceiling Fans Direct, Inc.,* 2006 WL 2868939 (S.D.Tex. Oct. 5, 2006), is inapplicable. In *Moran,* the court sustained a request to include information regarding an interlocutory appeal. The nature of that request, however, is different from the present one. The appeal in *Moran* truly could have had a "significant impact" on potential plaintiffs' claims. (*See id.* at *2.) A decision favorable to the employer there would have extinguished plaintiffs' FLSA collective action claims by reversing the district court's denial of a motion to compel arbitration. In the instant matter, there is no pending adjudication of the viability of claims. In fact, a past DOL settlement merely adds a layer of complexity in filtering live claims. The Court is confident that Plaintiff's counsel should be capable of sifting through potential opt-in plaintiffs to retain only those whose claims remain viable and untouched by the settlement.

### B. Right to File Separate Lawsuit, Seek Own Attorney, or Not Join the Action

■■ With regard to Quality Logging's request to include information on opt-in plaintiffs' right to seek their own counsel, Plaintiff has agreed "to include language in the notice that tells potential plaintiffs that they may hire their own lawyer if they wish to file their own, separate individual action." (Dkt. 18 at 4.) Plaintiff, however, further remarks that if "any plaintiff wishes to join *this* collective action, they must agree to be represented by Reyes's

counsel as class counsel." (*Id.* (emphasis in the original).) Plaintiff's agreement and remark are proper. Opt-in plaintiffs are bound by the acts of class· counsel where all potential collective action members are notified of their right to individually or collectively ˙file a separate action. *See Martinez,* 265 F.R.D. at 500 (citations omitted). The Court, however, agrees with Quality Logging that the notice must inform potential opt-in plaintiffs that they may contact any attorney of their choosing to discuss the case. *See Yaklin v. W–H Energy Servs., Inc.,* 2008 WL 1989795, at *4 (S.D.Tex. May 2, 2008). As such, Quality Logging's objection is sustained and the Court hereby orders Plaintiff to add such language to the notice. With regard to Quality Logging's request to include language on an opt-in plaintiff's option to not join the action, Plaintiff's proposed notice already makes that possibility clear. It states: "You are not required to participate in this case or to sign the attached form. It is entirely your own decision˙ whether to do so." (Dkt. 10, Ex. 3 at 2.)

## C. Improper Solicitation and Appearance of Court Endorsement

■ Quality Logging argues that Plaintiff's proposed notice is objectionable because it is an improper solicitation and appears to be a Court endorsement of the collective action. The objection is overruled. The Court has reviewed Plaintiff's proposed notice and does not perceive any endorsement concerns. Furthermore, the notice clearly stipulates that "there is no assurance that the Court will grant any relief to him or to you in this case." (Dkt. 10, Ex. 3 at 2.) The Court finds the inclusion of this statement sufficient to make clear the Court's neutral position.

Moreover, the Court does not find the notice to be a solicitation exceeding a notice's intended nature and purpose. The underlying concern associated with unwarranted solicitation is the stirring up of frivolous litigation through the court-facilitated notice. *Valcho v. Dallas Cnty. Hosp. Dist.,* 574 F.Supp.2d 618, 622 (N.D.Tex. 2008). Directing the recipient to contact Plaintiff's counsel if they need additional information does not present this concern. If anything, the Court finds the offer to aid the interest of judicial economy and efficiency, minimizing the number of possible separate actions and serving as a filter to distinguish meritorious from frivolous claims.

While Quality Logging would prefer a notice akin to the one adopted by the court in *Updite v. Delta Beverage Grp., Inc.,* 2006 WL 3718229 (W.D.La. Dec. 15, 2006), Quality Logging's preferences are not primary in the Court's consideration of Plaintiff's proposed notice. As noted above, absent reasonable objections, plaintiff should be allowed to use his preferred language.

## D. Possible Liability for Court Costs

■ Quality Logging finally argues that the notice should include information on the possibility of having to pay court costs. While Quality Logging accurately relies on a sister court's recent holding approving proposed language apprising potential opt-in plaintiffs that they may be liable for court costs, *see Behnken v. Luminant Min. Co. LLC,* 997 F.Supp.2d 511, 523–24 (N.D.Tex.2014), the general authority on this question is decidedly split. In support of Quality Logging's position, some district courts have found that "[b]eing made aware of the possibility of being held liable for [defendant's] costs of litigation is necessary information for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff." *Heaps v. Safelite Solutions, LLC,* 2011 WL 1325207, at *8 (S.D.Ohio Apr. 5, 2011) (collecting

cases). Other courts, however, have found that such language is "unnecessary and potentially confusing," *Sexton v. Franklin First Fin., Ltd.,* 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009), particularly given the "remote possibility" that costs will be other than *de minimus, Guzman v. VLM, Inc.,* 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007). Given the involvement of likely unsophisticated opt-in plaintiffs, Quality Logging's proposed language may have an *in terrorem* effect that disproportionately outweighs the likelihood that these costs will occur to any significant magnitude. *Guzman,* 2007 WL 2994278 at *8. As such, the objection is overruled and the request is denied.

### Conclusion

For the foregoing reasons, Plaintiff's motion for proposed notice (Dkt. 10, Ex. 3) is hereby GRANTED in part and DENIED in part. Furthermore, Quality Logging's motion for entry of their own notice (Dkt. 17) is hereby DENIED. Plaintiff is hereby ORDERED to submit for *in camera* review an edited notice in accordance with the above revisions. Plaintiff is further ORDERED to submit its proposed consent form. These documents must be submitted via e-mail to the Court's case manager in Word format on or before **October 20, 2014.** Once the final notice is approved, the Court will issue a notice schedule.

IT IS SO ORDERED.