Ronald W. GOERKE, Individually and on Behalf of All Those Similarly Situated, Plaintiffs,

v.

COMMERCIAL CONTRACTORS & SUPPLY COMPANY, INC., d/b/a Dobbs Industries, Defendant.

Civ. A. No. C84–339A.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 6, 1984.

Michael D. Goodman, Atlanta, Ga., for plaintiffs.

E. Lewis Hansen, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for defendant.

ORDER

FORRESTER, District Judge.

A. FACTS AND PROCEDURAL POSTURE.

The complaint in this case, filed on February 21, 1984, alleges that the defendant failed to pay the plaintiff overtime compensation as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Paragraph 10 of the complaint alleges that there are other employees of the defendant, similarly situated, to whom the defendant also owes overtime compensation under the FLSA. That paragraph further alleges:

> The actual records concerning the number of excess hours worked by each similarly situated employee is in the exclusive possession and control of the Defendant, and Plaintiff is unable to state at this time the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings.

Paragraph 10, Complaint. Paragraph 12 of the complaint prays that plaintiff be permitted to circulate a "Court approved Notice of Action to other employees similarly situated." Pursuant to paragraph 12 of the complaint, plaintiff moved on September 26, 1984, that this court "certify a class" and approve the issuance of a notice to other employees of the defendant whom plaintiff alleges to be similarly situated to the plaintiff.[1] This motion was brought pursuant to 29 U.S.C. § 216(b).

The defendant has opposed the motion that this court approve the issuance of a notice on the grounds that an action under the Fair Labor Standards Act is not a typical class action, and no court involvement such as authorizing notice is necessary or permitted by the statute. This court, having reviewed the provisions of section 216(b) of the FLSA, its legislative history, and the decisions of the courts which have ruled on this question, has concluded that plaintiff's motion that this court approve

---

1. Since no proposed notice was attached to the motion, the court assumes that plaintiff seeks to have this court generate and distribute the "court-approved notice" plaintiff requests.

either the form of a notice or the circulation of said notice to other potential plaintiffs should be denied.

## B. SECTION 216(b) OF THE FLSA.

■ Section 216(b) of the Fair Labor Standards Act, pursuant to which plaintiff seeks to have this court authorize notice to potential plaintiffs, provides in pertinent part as follows:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. An action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

The statute thus permits bringing of an action to enforce Fair Labor Standards Act requirements by an employee on behalf of other employees similarly situated, but said other employees are not considered to have become parties to the action unless they have "opted-in" by an affirmative consent filed with the court.

■ The legislative history of this provision of the FLSA is found as part of what was originally termed the Portal-to-Portal Act of 1947. [1947] U.S.Code Cong. Service, 1029–36. The Portal-to-Portal Act of 1947 was passed as a direct response to the decision of the Supreme Court in *Anderson vs. Mt. Clemens Pottery Company*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). In *Anderson*, the Supreme Court held that time spent by employees getting to their jobs, and getting from their jobs to their homes was time which must be compensated under the FLSA. As a result of this holding by the Supreme Court, literally thousands of cases were filed seeking compensation under the formula laid out in that case. 1947 U.S.Code Cong. Service, at 1031. The provisions of 216(b) were enacted as part of Congress' response to this flood of litigation. The legislative history describes the kind of litigation which was proceeding following the decision in *Anderson* as follows:

The procedure in these suits follows a general pattern. A petition is filed under 16(b) by one or two employees in behalf of many others. To this is attached interrogatories calling upon the employer to furnish specific information regarding each employee during the entire period of employment. The furnishing of this data alone is a tremendous financial burden to the employer.

*Id.* at 1032.[2]

The Tenth Circuit Court of Appeals has recently reviewed the legislative history of section 216(b), and has held that the opt-in language of that section "... was a direct result of ... clear congressional dissatisfaction with the original class action provisions of the FLSA. In fact, the relevant language of section 216(b) was entitled 'Representative Actions Banned' in the Portal-to-Portal Act." *Dolan vs. Project Construction Corporation*, 725 F.2d 1263, 1267 (10th Cir.1984).[3]

---

**2.** The complaint in the present case reveals that the plaintiff is requesting that this court provide the kind of discovery which is exactly the evil at which Congress aimed the Portal-to-Portal Act of 1947. Specifically, paragraph 10 of the complaint alleges that plaintiff will obtain information with respect to hours and amounts allegedly owing to other potential plaintiffs via dis-

covery. As noted above, the legislative history of the Portal-to-Portal Act, if it indicates nothing else, indicates that Congress intended to prevent burdensome discovery with respect to each employee of the defendant, such as that sought by the plaintiff in the present case.

**3.** The Seventh Circuit Court of Appeals has viewed this same language as not having been

## C. THE NOTICE QUESTION.

As is apparent from the foregoing discussion, the actual language of the statute in question is silent on the issue of whether potential plaintiffs (i.e., those individuals who are similarly situated to the named plaintiff) should be given notice of the pending action, whether by plaintiff, plaintiff's counsel, or by the court. It is settled in the Eleventh Circuit, however, that any power in this court to approve or authorize such notice must be inferred from statutory interpretation. *Haynes vs. Singer Company, Inc.*, 696 F.2d 884, 886 (11th Cir. 1983).

Four courts of appeal have reached the question of whether a district court is empowered to authorize notice under the statute, while two others have reserved the question. The Ninth Circuit Court of Appeals, in *Kinney Shoe Corporation v. Vorhes*, 564 F.2d 859 (9th Cir.1977), concluded that neither plaintiff, plaintiff's counsel, nor the court is permitted to circulate notice to potential plaintiffs in a § 216(b) action. The Second Circuit, in *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir.1978), concluded that nothing in the Act prohibited the court's approval of such notice, and permitted the court to authorize the distribution of such notice "in appropriate cases." Treading a middle ground, the Seventh Circuit, in *Woods v. New York Life Insurance Company*, 686 F.2d 578 (7th Cir.1982), concluded that the district court had the power to regulate the content

and distribution of the notice to potential plaintiffs, but that the notice could not bear any indicia of "apparent judicial sponsorship of the notice." *Id.* at 580–81. Finally, the Tenth Circuit in *Dolan, supra,* concluded that nothing in the Fair Labor Standards Act permitted the court to authorize notice in any way, but that under current Supreme Court authority regarding client solicitation and attorney contact with potential clients, plaintiff's counsel could engage in such communication with potential plaintiffs as does not run afoul of the standards set by the Supreme Court in such cases as *In Re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978), and *Gulf Oil Company v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). The Eleventh Circuit Court of Appeals and the Court of Appeals for the District of Columbia have both reserved the question of whether a district court is authorized to issue notice under section 216(b). *See Haynes v. Singer Company, supra; Thompson v. Sawyer*, 678 F.2d 257, 270 n. 8 (D.C.Cir.1982).

This court has reviewed all the cases discussed above, as well as the numerous district court cases which are approximately evenly split on the question of whether notice may be authorized by the district court, and has concluded that there is no legal justification in the statute for this court's taking an active role in the giving of notice, as requested by the plaintiff here.[4]

---

intended to restrict class actions under the Fair Labor Standards Act. *Woods vs. New York Life Insurance Company,* 686 F.2d 578, 581 (7th Cir. 1982). This court finds the *Dolan* court's discussion of the legislative history of this Act to be far more persuasive and grounded in the actual language employed by Congress. *Dolan* expressly rejected the *Woods* rationale on this point. 725 F.2d at 1267, n. 3.

**4.** District court cases which have authorized the distribution of notice, with court approval, include: *Lusardi vs. Xerox Corporation,* 99 F.R.D. 89 (D.N.J.1983); *Johnson vs. American Airlines, Inc.,* 531 F.Supp. 957 (N.D.Tex.1982); *Allen vs. Marshall Field & Company,* 93 F.R.D. 438 (N.D. Ill.1982); *Monroe vs. United Airlines,* 90 F.R.D. 638 (N.D.Ill.1981); *Frank vs. Capital Cities Com-*

*munications,* 88 F.R.D. 674 (N.D.N.Y.1981); *Soler vs. G & U, Inc.,* 86 F.R.D. 524 (S.D.N.Y.1980); and *Riojas vs. Seal Produce, Inc.,* 82 F.R.D. 613 (S.D.Tex.1979). District court cases which have held that the court is not empowered to authorize the distribution of notice include: *Baker vs. Michie Company,* 93 F.R.D. 494 (W.D.Va.1982); *Montalto vs. Morgan Guaranty Trust Company,* 83 F.R.D. 150 (S.D.N.Y.1979); *Hill vs. Western Electric Company,* 76 F.R.D. 4 (M.D.N.C.1976); *McGinley vs. Burroughs Corporation,* 407 F.Supp. 903 (E.D.Pa.1975); and *Roshto vs. Chrysler Corporation,* 67 F.R.D. 28 (E.D.La. 1975). One district court has adopted the middle ground later suggested in *Dolan vs. Project Construction Corporation.* In *Hallas vs. Western Electric Company,* 26 E.P.D. ¶ 31,958 (S.D.Ohio 1981), the court held that it would not authorize

■ The usual context in which the issue of court-approved notice arises is in a class action pursuant to Rule 23 of the *Federal Rules of Civil Procedure. See, e.g.,* Rule 23(c)(2). A section 216(b) action, however, often referred to as a "spurious" class action, stands on entirely different footing from a Rule 23 class action. The Fifth Circuit Court of Appeals addressed the distinctions between Rule 23 and 216(b) at great length in *LaChapelle v. Owens-Illinois,* 513 F.2d 286 (5th Cir.1975). The holding of *LaChapelle* was that 216(b) precludes a Rule 23 class action in an FLSA lawsuit. *Id.* at 288. The primary distinction between Rule 23 and 216(b) is that class members in a Rule 23 class action will be bound by any judgment, unless they opt out of the action. In a 216(b) action, however, the only manner in which an individual will be bound is if he or she affirmatively chooses to opt into the action. Because of the *res judicata* and claim-preclusive effects of a Rule 23 class action, court involvement is necessary to assure that the due process rights of class members are protected. *Dolan,* 725 F.2d at 1266. No such due process rationale supports court involvement in notice in a 216(b) action. *Id.; Kinney,* 564 F.2d at 863. As the Eleventh Circuit has recognized, because due process does not require court approval or involvement in the issuance of a 216(b) notice, any authorization for court involvement must come from the statute itself. *Haynes,* 696 F.2d at 886.

The Tenth Circuit in *Dolan,* as noted above, concluded that there was no support either in the statute or in its legislative history for the proposition that district courts are authorized to issue notice of a pending action under 216(b). To the contrary, Congress intended to permit the bringing of a representative action, but intended to limit severely the court's involvement in such actions. 725 F.2d at 1267. This court agrees and incorporates herein the rationale of *Dolan* on this issue.

■ The circuit which is most often cited for the proposition that courts are authorized to issue notice in a 216(b) action is the Second Circuit, in its decision in *Braunstein, supra.* This court finds the Second Circuit's rationale in *Braunstein* unpersuasive. That decision essentially predicated its determination that the district court was empowered to authorize notice on two grounds. First, the court held that:

> Although one might read the Act, by deliberate omission, as not providing for notice, we hold that it makes more sense, in light of the "opt-in" provision of section 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case. ... Although we agree with Judge Choy's view in *Kinney* that due process does not require notice, we do not agree with his conclusion that there is no power in the district court to order it in a proper case.

The second rationale of *Braunstein* was that the court's holding comported with the remedial purpose of the FLSA, and the interest in the courts of avoiding a multiplicity of lawsuits. *Id.* at 336. The court summarized the second ground of its rationale by stating that the danger of "stirring up litigation" is no longer as compelling as it once was in view of the Supreme Court's recent holdings in cases involving lawyer solicitation. This court finds neither of the rationales put forward by the *Braunstein* court to be persuasive. *Braunstein* rests upon the principle that notice to potential plaintiffs is a good idea. Nowhere in that opinion, however, does the

notice, but did permit consultation between plaintiff's counsel and putative plaintiffs. In *Behr v. Drake Hotel,* 586 F.Supp. 427 (N.D.Ill. 1984), the district court held, based on *Woods,* that it would approve the notice but the notice could not bear any indicia of court sanction.

Several of those cases involve actions under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), which incorporates by reference the provisions of 216(b). 29 U.S.C. § 626(b). There is no distinction made between notice in an ADEA § 216(b) case and notice in a FLSA § 216(b) case. *See Johnson vs. American Airlines, supra,* and *Frank vs. Capital Cities Communications, supra.*

court put forward any rationale for why this notice should come *from the court.* One of Congress' goals in passing the Portal-to-Portal Act, as noted by the Tenth Circuit in *Dolan,* was to restrict the involvement of the courts, and to define and limit the court's jurisdiction. 725 F.2d at 1267.

> Under no theory of legal communication is the court justified in undertaking an active role in either discovering or contacting additional parties. The role of the court in section 216(b) actions is one of administering and monitoring the litigation process to insure a fair trial for all parties.

725 F.2d at 1268–69. As the Seventh Circuit noted in *Woods, supra,* there is simply no authority or rationale which would support the proposition that a federal judge has the authority to issue invitations to join a lawsuit. 686 F.2d at 581. Such activity,

> changes the character of the judge from that of an adjudicator of disputes brought to him to that of a kind of town crier, ringing the tocsin to awaken those who may be sleeping on their rights; and we should require more than the generalities of Rule 83 (of the *Federal Rules of Civil Procedure*) or of the All-Writs Act, 28 U.S.Code § 1651, to conclude that a federal judge, whose authority is confined by Article III of the Constitution to the exercise of the *judicial* power of the United States, may communicate with non-parties in this way [by adding the court's signature or other indicia of court approval].

686 F.2d at 581–82 (emphasis in original). This court therefore concludes that it has no power to draft a notice in the present case, to approve a proposed notice, or to permit the sending of a notice which contains in any way any indication that this court has approved such notice or has approved of the bringing of this lawsuit.[5]

The court's conclusion is borne out by the rationales presented by the plaintiff in support of the motion for court authorization of notice. The plaintiff in the present case has provided four reasons why this court should authorize the sending of "court-approved notice." These are: (1) Persons cannot effectively exercise their statutory right to join the lawsuit if they do not know of the suit; (2) notice would avoid a multiplicity of lawsuits; (3) claims of employees who do not receive notice may be barred by the applicable statute of limitations; and (4) "the giving of a court approved notice is preferable to counsel for the plaintiff seeking new claims in violation of the ethical canons of the State Bar of Georgia and rules of this Court." (Spelling corrected). Brief in Support of Motion for Class Certification, at 3–4. As noted above, none of the first three rationales provide any compelling reason for *court* involvement in the giving of notice; rather, they merely support the utility of notice being given. With respect to the fourth rationale, plaintiff's fear that any notice sent by plaintiff or plaintiff's counsel could contravene the rules of the State Bar of Georgia, this court concludes that under the guidelines expressed by the Supreme Court, as discussed *ante,* the plaintiff has adequate protection as long as any notice sent by the plaintiff or plaintiff's counsel is drafted to conform to those standards.[6]

■ For the reasons given above, and particularly based on the rationale of the

---

**5.** The *Woods* court permitted the judge to approve the content of the notice as long as the notice when sent did not imply court sanctioning in any way. This is a distinction without a difference. While a notice signed by the court might appear to the recipient to carry more legitimacy than one without such indicia, the fact remains that court review and approval of a proposed notice in any manner constitutes judicial involvement in the notice process. The *Dolan* court's prohibition of *all* judicial involvement appears more in line with Congress' intent in enacting this statute.

**6.** By referring to the United States Supreme Court standards, the court is incorporating by reference the Supreme Court's decisions in *In Re Primus,* 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); *Ohralik vs. Ohio State Bar Association,* 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978); *Friedman vs. Rogers,* 440 U.S. 1, 99 S.Ct. 887, 59 L.Ed.2d 100 (1979); *Gulf Oil Company vs. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); and *In Re R.M.J.,* 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982).

Tenth Circuit in *Dolan, supra,* plaintiff's motion is DENIED. The denial of this motion, however, does not preclude the plaintiff engaging in protected communication with other potential plaintiffs who can be discovered without intervention by the court. As the court in *Dolan* noted, recent Supreme Court decisions regarding legal communication would allow reasonable communication by the plaintiff and his counsel "... with those parties he can discover without judicial assistance." 725 F.2d at 1268. As the Supreme Court has held in *Gulf Oil Company vs. Bernard,* an order limiting communications between parties and potential class members "should be based on a clear record and specific findings that reflect a weighing of the need for limitation and the potential interference with the rights of the parties." 452 U.S. 89, 101, 101 S.Ct. 2193, 2200. There is no question that *Bernard* dealt with a Rule 23 class action, and was based upon the standards of the *Federal Rules of Civil Procedure.* However, the Tenth Circuit held in *Dolan* that the rationale behind *Bernard* was equally applicable to a representative action under 216(b). 725 F.2d at 1268. Thus, although this court has found that it has no power to approve and authorize the dissemination of a notice to potential class members, there are forms of protected communication in which plaintiff's counsel can engage with potential class members. As regards plaintiff's fears, expressed in the brief in support of this motion, plaintiff need only make certain that any communications in which he engages are directed toward the provision of *notice,* rather than toward active solicitation of individuals to join in the present litigation. *Id.* at 1268.

## D. CONCLUSION.

The court concludes that plaintiff's motion for a court approved notice to potential plaintiffs should be DENIED. This court has no power under section 216(b) to authorize such notice.[7] Neither the statutory language nor its legislative history provide any foundation on which this court could conclude that such power exists. This holding, of course, does not preclude plaintiff's counsel engaging in communication with potential plaintiffs, provided, however, that any such communication comports with the standards propounded by the United States Supreme Court.

---

**7.** Even were this court to conclude that it had the power to authorize notice to potential plaintiffs, the court is far from convinced that the plaintiff has shown that notice would be appropriate in this case. As the Eleventh Circuit held in *Haynes vs. Singer Company,* the burden of proof is on plaintiff to demonstrate a reasonable basis for crediting his assertion that aggrieved individuals exist in the class which he identifies. 696 F.2d at 887. The complaint in the present case contains the naked allegation that the 70 individuals listed in the attachment to the complaint are similarly situated to the plaintiff. An affidavit from the plaintiff avers that but for 16 of those individuals, the remainder were construction or re-construction workers, as was plaintiff. However, there is nothing in the record from which this court could infer that these individuals and the plaintiff were similarly situated in the sense of duties, wages, hours, length of employment, and numerous other factors which are obviously relevant on the question of whether they are similarly situated. However, this is not the basis of this holding, as this court concludes it has no power to authorize notice.