**James KREAGER, Plaintiff-Appellant,**

v.

**SOLOMON & FLANAGAN, P.A., and Ronald E. Solomon, Defendants-Appellees.**

**No. 84–5584**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1985.

Henry Latimer, Kevin Emas, Miami, Fla., for defendants-appellees.

Before FAY, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

James Kreager filed an action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, against defendants who were his former employers. He alleged in Count I that he was employed by Solomon & Flanagan, a law firm, from June 14 to November 12, 1983, and that during that time defendants violated the Act by requiring him to work more than forty hours per week without overtime compensation. In Count II, he alleged numerous incidents of fraud and deceit by defendants in tangential relationship to the issues in Count I. Defendants moved to dismiss Count II for lack of jurisdiction. The court granted the motion. Following the filing of numerous other pleadings, the court struck plaintiff's claim for punitive damages and granted defendants' motion to dismiss Count I. Kreager filed a timely notice of appeal. That appeal was dismissed by this court. *Kreager v. Solomon & Flanagan, P.A.*, No. 84–5386, (11th Cir. Sept. 12, 1984).

Following dismissal of Kreager's action in district court, the defendants filed a motion for costs incurred in the amount of $571.36 and attorneys' fees of $10,355.50, alleging that Kreager had instituted the action in bad faith, and had pursued the frivolous claim in a vexatious manner with the intent to embarrass, annoy, and harass the defendants. The motion was supported by sworn affidavits and other documents substantiating the amounts requested. The district court granted the $571.36 requested as costs, and awarded attorneys' fees of $8,500.00. Kreager appeals that order.

Kreager worked as a bookkeeper for Solomon & Flanagan for less than five months. Appellees alleged that after his termination and prior to and during the pendency of this action, Kreager made phone calls to clients, adversaries, and associates of appellees in which he divulged confidential information, and accused appellees of criminal and unethical conduct. After the appellees sought injunctive relief, the harassing calls stopped, but were resumed again after the court dismissed Kreager's lawsuit. Kreager has steadfastly denied any wrongdoing in the conduct of this litigation and has levelled his own countercharges of harassment and bad faith.

Federal courts that award attorney's fees, unless statutorily prescribed, follow the "American Rule" as set out in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). There, the Court stated the general rule that, absent a specific provision of Congress, a litigant may not recover attorney's fees. *Id.* at 257, 95 S.Ct. at 1621. The instant action was commenced by Kreager under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs. *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 416 & n. 5, 98 S.Ct. 694, 697 & n. 5, 54 L.Ed.2d 648. Unlike other legisla-

tion which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants. We must therefore look beyond the Act for an exception to the American Rule.

In *Alyeska Pipeline, supra,* the Court detailed exceptions to the American Rule. Courts have the "inherent power" to assess attorney's fees as a fine for the wilful disobedience of a court order, or when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Alyeska Pipeline,* 421 U.S. at 258–59, 95 S.Ct. at 1622. The bad faith exception to the American Rule is not limited to suits that are filed in bad faith. The exception also encompasses bad faith acts preceding and during litigation. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1507 (11th Cir. 1985); *Rothenberg v. Security Management Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir.1984) ("In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'") (quoting Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts,* 69 Cornell L.Rev. 207, 279–80 (1984)).

Similarly, Fed.R.Civ.P. 11 directs attorneys and pro se litigants to certify that their pleadings and motions are neither frivolous, vexatious nor dilatory. Rule 11 imposes disciplinary sanctions that allow the targets of vexatious frivolous claims to recover their costs and attorney's fees from recalcitrant attorneys and litigants. Therefore, in certain limited instances, a litigant may recover its costs and attorney's fees.

In the present action, this court is presented with no findings of fact by the district judge and is unable to determine precisely why costs and fees were awarded to the defendants or how these amounts were determined.[1] The pleadings, motions, and briefs in this case contain numerous allegations of bad faith and vexatiousness on the part of both parties. If accepted as true, there are sufficient allegations against both parties to justify an award of costs and attorney's fees. The district court, however, made no specific findings and instead entered a one page boiler plate order filling in the blanks left for costs and attorney's fees. Accordingly, we remand so that the trial court can make reviewable findings regarding the specific acts of bad faith and vexatious conduct which form the basis for the award. *See Roadway Express, supra* at 767, 100 S.Ct. at 2465 (remanding case for specific findings of bad faith sufficient to trigger court's inherent power to impose sanctions).

The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion. *King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980). If there are disputed issues of fact, however, an evidentiary hearing must be held to determine exactly what constitutes a reasonable fee. *Id.*

Where a trial court has awarded a plaintiff costs and attorney's fees under Title VII of the Civil Rights Act of 1964, this court has required the district judge to consider twelve factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974).[2] The *Johnson*

1. Defendants' motion seeking to recover their attorneys' fees from plaintiff requested $10,-355.50. The district court's order awarded $8,500. There is no explanation for why the court chose $8,500 instead of $10,355.50.

2. The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

factors have also been applied to plaintiffs' attorney's fee awards in other contexts. *See, Hedrick v. Hercules, Inc.,* 658 F.2d 1088, 1097 (5th Cir.1981), (applying *Johnson* factors to plaintiff's fee award in suit commenced under Fair Labor Standards Act). Where costs and attorney's fees are awarded to a prevailing defendant in a Title VII action, this court adds a thirteenth factor to the *Johnson* analysis: the plaintiff's financial resources. *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911 (11th Cir.1982). *Durrett* noted, however, that a plaintiff's financial condition may not solely justify the district court's refusal to award any fee to a deserving defendant: "A fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence." *Id.* at 917.

■ *Hedrick* and *Durrett* demonstrate that the *Johnson* factors are not confined solely to plaintiff fee recoveries in actions commenced under the Civil Rights Act. We hold, therefore, that the *Johnson* factors, as adjusted by *Durrett,* must be applied to determine an appropriate cost and fee award to a defendant who has shouldered the burden of bad faith litigation commenced under the Fair Labor Standards Act.

Accordingly we vacate the district court's order awarding appellees costs and attorneys' fees and remand the case so that the district court may enter proper findings of fact and, if necessary, conduct an evidentiary hearing within ninety days to determine precisely why and how much costs and fees should be awarded. This court will retain jurisdiction over this dispute and the motions that were carried with the case.