Marcia BELL, et al., Plaintiffs,

v.

MYNT ENTERTAINMENT, LLC, et al., Defendants.

No. 03–23190–CIV.

United States District Court, S.D. Florida, Miami Division.

July 13, 2004.

Robert Elliot Weisberg, Kimberly Ann McCoy, Coral Gables, FL, for plaintiffs.

Aldo Guillermo Busot, Jr., David Michael Goldstein, Miami, FL, for defendants.

### ORDER

JORDAN, District Judge.

The defendants operate a lounge in Miami–Dade County, Florida, and employed the plaintiffs for varying periods of times since November 2001 as servers/waitresses and/or bartenders. The plaintiffs bring this action against the defendants, their former employers, on behalf of themselves and other similarly situated employees, for maintaining a policy and practice of deducting and retaining percentages of the tips and/or gratuities earned by the plaintiffs, in violation of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

Earlier, the plaintiffs moved to have the court facilitate notice to potential plaintiffs under § 216(b) [D.E. 24]. I denied this motion because the plaintiffs relied on unsupported allegations in their verified complaint when seeking court-ordered notification to potential plaintiffs [D.E. 35]. *See Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir.1983) (district court properly declined to issue notice where plaintiff offered only unsupported allegations of widespread FLSA violations). *See also Reed v. Mobile County School System,* 246 F.Supp.2d 1227, 1233 (S.D.Ala.2003) (preliminary certification of opt-in class denied where, among other things, plaintiffs produced no affidavits from employees identifying any allegedly unlawful practice, and the affidavit presented from a retired department of labor investigator did not support the existence of a widespread policy and practice of overtime violations). The plaintiffs have renewed their motion for court-ordered notification to potential plaintiffs [D.E. 40] and have attached seven affidavits from the current named plaintiffs. For the reasons set forth below, the plaintiffs' renewed motion for court-ordered notification [D.E. 40] is GRANTED.

## I. ANALYSIS

The defendants oppose court-ordered notification for the following reasons: (1) § 216(b) does not authorize the court to give notice to potential plaintiffs; (2) the facts in this case do not require notice; and (3) the proposed notice is misleading and incomplete. I address these arguments below.

■ The defendants argue that the Eleventh Circuit is divided as to whether court-ordered notification of potential plaintiffs is appropriate in FLSA actions, citing *Goerke v. Commercial Contractors and Supply Company, Inc.,* 600 F.Supp. 1155, 1158 (N.D.Ga. 1984). *Goerke,* however, is mistakenly cited. *Goerke* is not an Eleventh Circuit decision. *Goerke* is a district court decision from the Northern District of Georgia and therefore is not persuasive, especially in light of later Supreme Court and Eleventh Circuit decisions. In *Hoffmann–LaRoche, Inc. v. Sper-*

*ling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Supreme Court held that it is soundly within the discretion of the district court to create an opt-in class under § 216(b), by facilitating notice to potential plaintiffs. *See id.* at 169, 110 S.Ct. 482 (finding court-ordered notification appropriate in an ADEA case). Moreover, the Eleventh Circuit has held that the broad remedial purpose of the FLSA "is best served if the district court is deemed to have the power [under the appropriate circumstances] to give . . . notice to other potential members of the plaintiff class to 'opt-in' if they so desire . . ." *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991).

■ The defendants also argues that there is no need for court-ordered notification because the potential plaintiffs work in the same location, know each other, have discussed their working conditions and are aware of their rights. Although I look to the factual circumstances in determining whether court-ordered notification is appropriate in this case, my decision is not based on whether the potential plaintiffs are generally aware of their rights. Instead, "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *See id.* at 1567–68.

■ I employ the two-tiered approach to certification of a § 216(b) opt-in class, as recommended by the Eleventh Circuit in *Hipp v. Liberty National Life Insurance Co.,* 252 F.3d 1208, 1218 (adopting the approach set forth by the Fifth Circuit in *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–14 (5th Cir.1995)). At the first stage, the notice stage, the class certification determination is made using a fairly lenient standard, based primarily on the pleadings and any affidavits which have been submitted. *See id.* The first stage typically results in "conditional certification" of a representative class. *See id.* At the second stage, usually at the end of discovery and prior to trial, the defendant may make a motion for decertification. *See id.*

■ At the first stage, the plaintiffs have the burden of demonstrating a reasonable basis for their claim of classwide discrimination. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996). The plaintiffs' burden is "not heavy," and they may meet this burden by "making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *See id.* at 1096–97. The affidavits must indicate that there are other employees who are "similarly situated" with respect to their job requirements and to their pay provisions, and that these employees desire to opt in. *See Dybach*, 942 F.2d at 1567–68. *See also Harper v. Lovett's Buffet*, 185 F.R.D. 358, 362–64 (M.D.Ala.1999) (court conditionally certified a class of all hourly employees at the defendant's restaurant where plaintiff provided some fifteen affidavits stating that the amount the servers were paid, that they were required to do additional jobs for which they received no additional compensation, that these servers received W–2s and check stubs that falsely stated tips not received, and that management would clock out employees without their knowledge).

■ The plaintiffs have submitted seven affidavits, one from each of the named plaintiffs. Each affidavit sets forth the time period during which the affiant worked at Mynt, the hours the affiant worked each week, the affiant's hourly pay, and the procedure through which Mynt distributed the tip income earned. The affiants also claim to be familiar with other similarly-situated servers/waitresses and bartenders who were unhappy with the distribution of the tip income and who would be interested in joining this litigation. These affidavits contain sufficiently detailed allegations to demonstrate a reasonable basis for the plaintiffs' claim of classwide discrimination.

■ Finally, the defendants object to the plaintiffs' proposed notice because it fails to inform potential plaintiffs that they could be liable to the defendants for attorney's fees and costs should the defendants prevail.[1] The FLSA, however, is not a two-way fee-shifting statute. Attorney's fees are awarded to prevailing plaintiffs, but no similar provision is made for prevailing defendants. *See* § 216(b). The plaintiffs therefore will be liable for attorney's fees only where they have "'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir.1985) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141(1975)). The plaintiffs' potential liability for attorney's fees is not as broad as the defendants imply, and I do not believe it is necessary for the court-ordered notice to contain language regarding this potential liability.

## II. Conclusion

The plaintiffs' motion for court-ordered notification to similarly situated employees is GRANTED. The defendants shall identify and produce to the plaintiffs a list containing the name(s), job title(s), dates of employments, last known addresses and telephone numbers, for all current and former employees of Mynt, who work or worked at its lounge located at 1921 Collins Avenue in Miami Beach, Florida, as server/waitresses and bartenders between November of 2001 and the present, on or before July 23, 2004. The attached plaintiffs' proposed notice of collective action and opt-in consent form is approved. The plaintiffs shall mail out this notice via regular U.S. Mail, on or before July 30, 2004. Potential opt-in, similarly situated plaintiffs must consent to opt-in to this litigation by August 21, 2004.

---

1. The defendants also object to the first sentence of the proposed notice, which states: "This is a court authorized notice and is not a solicitation from a lawyer." The defendants are concerned that it gives the impression that the court agrees that the plaintiffs' claims have merit. The plaintiffs have included a sentence immediately following the first sentence which states: "This court has made no finding as to the merits of the claim at this time." Later in the notice, the plaintiffs have also included the following language: "The Court has not yet decided whether Mynt has done anything wrong. There is no money available now and no guarantees that there will be." I believe the plaintiffs' changes sufficiently address the defendant's concerns in this particular area, and thus I decline to address this issue.