[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10617
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61472-EGT

DOUGLAS WALKER,
on behalf of themselves and all others similarly situated,
EZEKIEL PROCTOR,
on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants,

WAYNE WISDOM,

Interested Party - Appellant,

versus

IRON SUSHI LLC,
d.b.a. Iron Sushi,
IRON MAMI, INC,
d.b.a. Iron Sushi,
MASA INTERNATIONAL LLC,
d.b.a Iron Sushi,
IRON GROUP LLC,
d.b.a. Iron Sushi,
BUZZ LLC,
d.b.a. Iron Sushi, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 2, 2018)

Before MARCUS, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This case is about an award of attorney fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  In the underlying FLSA case, the parties reached a settlement less than three months after suit was filed, before any formal discovery or motions practice occurred.  In this appeal, the appellants claim that the district court legally erred in determining that a reasonable fee award was substantially less than what they had sought.  After thorough review, we affirm.

I.

The relevant facts are these.  Appellants Ezekiel Proctor, Wayne Wisdom, and Douglas Walker worked as delivery drivers for Iron Sushi, a chain of franchise restaurants in South Florida.  On July 25, 2017, they sued their former employers, alleging violations of both federal minimum wage provisions under the FLSA and state minimum wage laws.  They were represented by three different attorneys from three different law firms.  A month later, the defendants made a settlement offer in the following amounts: $833.52 to Proctor; $548.14 to Wisdom; and

2

$2,878.50 to Walker.  Appellants rejected this and a similar offer.  On October 25, 2017, the parties appeared before a magistrate judge to engage in settlement negotiations.   At the conference, the FLSA claims were settled as follows: $1,000.22 to Proctor; $657.76 to Wisdom; and $3,453.44 to Walker.  Thus, the total settlement was for $5,111.42.  The settlement agreement also provided that the appellants were entitled to reasonable attorney fees and costs.  The parties further agreed that the same magistrate judge who facilitated the settlement negotiations would determine the fees owed.  The case did not involve any formal discovery or motions practice, and settled exactly three months after suit was filed.

Subsequently, appellants filed a motion seeking a total of $27,627 in attorney fees.  The requested fee award broke down among the three firms as follows: $10,680 to the Law Offices of Joshua A. Millican; $5,440 to Greenfield Millican; and $11,507 to the Fair Law Firm.  In a fourteen-page order, the district court granted in part and denied in part the motion, ultimately awarding attorney fees in the amount of $7,640.  The court reached this figure by significantly reducing the number of hours it deemed to have been reasonably expended in achieving the final settlement.  In making this reduction the court excluded hours that were redundant or duplicative of each other, time spent on clerical work, time spent doing basic research into FLSA issues that counsel should have already been familiar with, and other time entries that the court determined would not have been

3

billable to the attorneys' clients. In addition, the court took into consideration how the final settlement stacked up against earlier settlement offers, and the fact that the case was not especially complex.

Having calculated the lodestar as being substantially lower than what the appellants requested, the district court declined to make further reductions to the award. It noted that additional reductions might have been justified since, in the statement of claim, appellants had initially sought $51,505.64 in damages, far in excess of what was actually obtained in settlement, and since the lawyers' requested fee award was far greater than the results they achieved for their clients. Despite this, the court decided against reducing the lodestar on the grounds that it had already engaged in a very thorough review of the lawyers' billable hours.

This timely appeal ensued.

## II.

"We review the award of attorneys' fees for abuse of discretion, reviewing questions of law de novo and reviewing findings of fact for clear error." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008). An award of attorney fees is not to be set aside absent a clear abuse of discretion. N.A.A.C.P. v. City of Evergreen, Ala., 812 F.2d 1332, 1334 (11th Cir. 1987).

Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that "[t]he court in such action shall, in addition to any judgment awarded

4

to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As this provision makes clear, the key metric by which a motion for attorney fees is evaluated is "reasonableness." See City of Burlington v. Dague, 505 U.S. 557, 562 (1992). A "reasonable" fee award is arrived at by first calculating the "lodestar." Id. The lodestar is the product of "the number of hours reasonably expended on the litigation times a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (quotation omitted). This figure is presumed to represent a reasonable fee, but can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Here, the district court declined to deviate from the lodestar, so applicants mainly challenge on appeal the court's calculation of the lodestar.

First, we are unpersuaded by appellants' claim that the district court's order did not adequately detail his analysis of what constituted a reasonable fee. It is true, as appellants note, that "the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988). "If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper." Id. What's more, if

the district court fails to adequately explain its reasoning, we will reverse and remand the case for reconsideration or further explanation. Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988). But the district court's duty to provide an adequate explanation does not mean that it must exhaustively detail, hour-by-hour, what fees it excluded. The rule is more practical. See Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). The district court's order simply must include sufficient detail to allow us to conduct a meaningful review of the award. Thompson v. Pharmacy Corp. of Am., 334 F.3d 1242, 1244 (11th Cir. 2003) ("The explanation for the district court's fee determination must be sufficiently stated so that meaningful appellate review is possible.").

That standard has been met in the order before us, in which the district court explained, in some detail, its reasons for partially denying the motion for attorney fees. First, it identified specific examples of time entries it deemed excessive or unreasonable. It singled out the hours billed for text messaging between one of the lawyers and the plaintiffs, which made up a majority of the time entries for that lawyer, and which it concluded were not the sort of activities for which a lawyer would bill a client. The court also reduced the number of hours in its lodestar calculation on the ground that the three lawyers had performed redundant work. The court explained that, while duplicative efforts might be billable in a complex case, it is significantly less justified where the case (like this one) lasts only a few

6

months and does not involve any discovery or motions practice. The court noted that "duplication inevitably occurs when lawyers hold conferences, call each other on the phone, write each other letters and memoranda, or when several lawyers bill for reading the same document received from the defendants or the court." The district court also removed from its calculation: (1) time spent researching basic FLSA issues that should have been familiar to any "experienced FLSA counsel"; and (2) time spent hiring and retaining local counsel. Finally, the court explained that it also excluded some entries that represented clerical work.

The court decided that high attorney fees were further unjustified based on the overall nature of the case and the outcome achieved, as compared with what accepting an earlier settlement offer might have achieved. The court added that the case was not complex or protracted, and involved no formal discovery.

As this record makes clear, the district court gave multiple and detailed reasons for the reductions it made to the number of hours claimed by appellants' lawyers, and included specific examples in its analysis. This is not a case where the district court's order contains only a bare, conclusory assertion that the claimed number of hours is unreasonable. See Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1318 (11th Cir. 1989) (reversing and remanding the district court's two-sentence determination that the hours were unreasonably high). Because we are

7

able to ascertain the sound reasons given for reducing the fee award, and, in turn, to conduct a meaningful review, the district court's order is more than sufficient.

Next, we find no merit to appellants' argument that the district court erred in considering a rejected settlement offer in reducing the total number of hours on which it based its award.  Although their argument is not especially clear, appellants essentially seem to argue that, because, unlike under other statutes, prevailing parties are always entitled to a reasonable fee award under the FLSA regardless of whether they rejected an earlier settlement offer, any consideration of a settlement offer is improper in this context, and out of step with the statute's policies.  It is true that attorney fees under the FLSA are mandatory.  See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 415 & n.5 (1978); Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1205 (11th Cir. 2012); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).  This means that a prevailing plaintiff is "automatically entitled" to a fee award.  See Dale v. Comcast Corp., 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).

It is also true that the FLSA fee provision is different from the one in 42 U.S.C. § 1983, where a prevailing party might be completely denied attorney fees if the ultimate judgment or settlement obtained is less than an earlier settlement offer that the party rejected.  See Marek v. Chesny, 473 U.S. 1, 11 (1985) ("In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff --

8

although technically the prevailing party -- has not received any monetary benefits from the postoffer services of his attorney."). This is because the attorney-fee provision applicable to § 1983 claims provides that "[i]n any action or proceeding to enforce a provision of [§] . . . 1983 . . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Because § 1983 attorney fees are described as "costs," they are subject to Fed. R. Civ. P. 68's rule on paying "costs" after an unaccepted offer: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Thus, in Marek, the Supreme Court held that Rule 68 applies in the context of a § 1983 action, and that a plaintiff who received a judgment less than the defendant's Rule 68 settlement offer could not recover his own post-offer attorney fees. 473 U.S. at 11. The FLSA, on the other hand, does not views attorney fees and costs as two separate things. It says that the court is to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As a result, the reasoning of Marek doesn't apply to the FLSA. See Arencibia v. Miami Shoes, Inc., 113 F.3d 1212, 1214 (11th Cir. 1997).

Nevertheless, we disagree with appellants' claim that the district court improperly considered the settlement offer when ruling on the attorney fee request.

9

For one thing, it is clear that a rejected settlement offer is an appropriate factor to consider in assessing the reasonableness of a request for attorney fees, even in contexts beyond statutes that define attorney fees as "costs." See Earl v. Beaulieu, 620 F.2d 101, 103 n.3 (5th Cir. 1980) (consumer protection action).[1] What's more, we've previously held that many, if not all of the same factors considered in awarding fees under other statutes like § 1983 -- including the final results obtained -- are at least relevant in the FLSA context. See Kreager, 775 F.2d at 1544; Hensley, 461 U.S. at 433 n.7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). And, as we've noted, courts consider settlement offers under § 1983. Further, while a prevailing party is always entitled to fees under the FLSA, the statute still limits the award to "reasonable" fees. The reasonableness of an award can of course depend on many factors, and we see no reason why a rejected settlement offer, and its relationship to the final result obtained, should not be a permissible consideration for the district court to take into account.

In short, we conclude that although a rejected settlement offer can never be dispositive in awarding attorney fees under the FLSA in the way that it is under other statutes, it is still a relevant factor that the district court has discretion to consider. Other courts have reached the same conclusion. See Haworth v. State of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

10

Nev., 56 F.3d 1048, 1050 (9th Cir. 1995) ("We vacate the award of attorney fees, not because the Rule 68 offer precluded any award for attorney fees incurred after the offer was made, but because the district court should have taken into consideration the reasonableness of the plaintiffs proceeding to trial and recovering approximately $240,000 less than what they could have had by accepting the settlement offer."); see also Klein v. Floranada Warehouse & Storage, Inc., 2016 WL 8671074, at 4 (S.D. Fla. 2016), report and recommendation adopted, 2016 WL 8670501 (S.D. Fla. 2016).  But see Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir. 1994) ("[A] Rule 68 offer does not affect the trial court's award of attorney fees under § 216(b).").  The district court thus did not err in taking the rejected settlement offer into consideration when rendering its award.

Appellants also take issue with, among other things, the district court's reasoning that, because they ultimately settled for a much lower figure than they initially sought, as is evident from their statement of claim, they were not especially successful, and therefore their attorneys are not entitled to a big payout. Appellants invoke two cases -- Calderon v. Baker Concrete Const., Inc., 771 F.3d 807 (11th Cir. 2014) and Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) -- to dispute the district court's reliance on the statement of claim.  Once more, we disagree.  Quite simply, neither of these cases addresses the district court's consideration of a statement of claim in calculating a fee award.  Anderson

establishes a reduced evidentiary burden for plaintiffs in FLSA cases where the employer has failed to produce proper and accurate records that would aid in more precisely showing how much compensation the plaintiff is entitled to. See Anderson, 328 U.S. at 686-88. Calderon holds that, because a statement of a claim "does not have the status of a pleading," it cannot operate to amend a complaint so as to strip a district court of subject matter jurisdiction. Calderon, 771 F.3d at 811.

Both cases are thus largely irrelevant to whether and how the district court considers a statement of claim in calculating a fee award. What's more, because the final results achieved, as compared to what was originally sought, are certainly a relevant factor in the district court's reasonableness analysis, the district court's decision to consider the statement of claim is perfectly consistent with § 216. See Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir. 1987) (civil rights action). In any event, the district court does not appear to have even considered the statement of claim in the part of its order calculating the lodestar.

Finally, appellants claim that the district court improperly took into account the total recovery and compared it to the size of the requested attorney fee award. But as we've already said, it is entirely proper for the court to take into account the results achieved in setting the award. See Kreager, 775 F.2d at 1544 (applying the Johnson factors to FLSA claim). We can discern no error in the court assessing the size of the claimed fee in relation to the amount that was ultimately recovered.

12

Moreover, considering the requested award in comparison to both the amount recovered and the amount originally sought in the statement of claim is not an impermissible "double reduction." Compare Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008) (describing "double-counting" as when the court applies the Johnson factors to determine the lodestar figure, and then reconsiders them to make either an upward or downward adjustment to the lodestar). Moreover, here again, the court's comparison of the final settlement amount with the requested fee award does not appear to have formed a meaningful part of its lodestar calculus.

For these reasons, we affirm the district court's order.

**AFFIRMED.**

13